# Wood *v.* Brewer & Brewer.

*Action by Assignee, on Account for Work and Labor performed.*

1. *Liability for work and labor done, of employer and person beneficially interested.*—When a person employs another to work for him on his plantation, not disclosing the fact that another person is cultivating the plantation that year, and is to employ and pay for the necessary labor, he is personally liable for the services rendered, though the benefit of the services may have enured to the benefit of the person so cultivating the place. But, if the defendant did not employ the laborer, either for himself, or as the agent of the person who was cultivating his plantation; and the laborer, not being employed, performed services on the place with the knowledge of the person who was cultivating it, or on whose account it was being cultivated, or of his agent duly authorized, the law implies a promise, by the person for whose benefit the labor is performed, to pay reasonable compensation for it.

2. *Consideration of assigned contract.*—In an action by the assignee or transferree of a claim for work or labor done, the assignment not being denied by special plea, evidence in relation to the consideration thereof is not admissible.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. JAMES E. COBB.

J. A. BILBRO, and W. F. FOSTER, for appellant.

W. C. McIVER, *contra.*

STONE, J.—The present suit was brought by Brewer & Brewer, as transferrees of Graham, to recover the value of work and labor, alleged to have been performed by the latter, for and at the request of appellant's testator, in his life-time. Before the trial was had in the court below, Mr. Wood, the

[Wood v. Brewer & Brewer.]

testator, had died ; and the suit was revived in the name of the executrix. That services were performed, does not appear to have been disputed. The real defense is, that Wood did not employ Graham, but that one Hall was cultivating Wood's plantation that year, and was himself to employ the labor ; and that, if any one owed Graham for his labor, it was Hall. Whether Wood actually employed Graham as a laborer, was a very material inquiry; for, if he did so employ him to work for him—employed him in his own name, and did not disclose to him that he was acting for Hall,— then, if Graham performed the services, he had a clear right to look to Wood for payment ; and it would not vary the case, if, between Wood and Hall, the plantation was being carried on, and the hands employed by the latter. This would be an express contract, and would bind Wood for the payment of the wages, even though the services enured to the benefit of another. But, if the jury are not convinced by the evidence that Wood employed Graham, and he did not employ him as the agent of Hall, then it becomes material to inquire on whose account the plantation was cultivated that year, and who was to furnish the labor. If Graham performed services, with the knowledge of the person on whose account the plantation was being cultivated, or of his agent authorized to employ labor on his account, then the law implies a promise on the part of the person for whose benefit the labor is performed, to pay reasonable compensation therefor.—Addison on Contracts, §§ 1399, 1401 ; *Aikin v. Bloodgood*, 12 Ala. 151.

Much the larger part of the testimony of the witness Graham, related to transactions with, and statements by Wood, the deceased. This testimony was incompetent.—*Louis v. Easton*, 50 Ala. 470 ; *Kirksey v. Kirksey*, 41 Ala. 626 ; *Waldman v. Crommelin*, 46 Ala. 580 ; *Stallings v. Hinson*, 49 Ala. 92 ; *Davidson v. Rothschild, Ib.* 104 ; *McCrary v. Rash*, 60 Ala. 374.

We can not perceive on what principle testimony was received, that Graham had become indebted to Brewer & Brewer, for professional services rendered him, and that Graham was acquitted of the offense for which he had been imprisoned. There was no sworn plea, denying plaintiffs' beneficial ownership of the claim sued on ; and, hence, how or why they claimed the same, was wholly immaterial ; and testimony bearing on those questions should have been excluded. The objection to the testimony of witness Brewer, purporting to detail the testimony of the deceased witness, was not well founded. Neither was there error in receiving the bail-bond in evidence, in connection with the testimony

that Graham performed labor on Wood's plantation. It was a circumstance to be weighed by the jury, in determining whether the services were rendered at Wood's request.

A patent error in the second charge given by the court, deserves notice. One postulated condition of that charge is, that "Ed. Graham worked on Wood's place, with Wood's knowledge and consent." There was some testimony offered that Hall had the control and cultivation of that plantation that year. If the jury were convinced by the testimony that Hall was cultivating the place on his own account, and not for Wood, then this charge was erroneous. Working on Wood's place, with his knowledge and consent, would not raise an implied promise on his part to pay for such work, unless such place was being cultivated by him, and in his interest. A charge which pretermits a material, pertinent inquiry, justified by any testimony, no matter how slight, should not be given.—*Aaron & Ely v. The State*, 39 Ala. 684; *Traun v. Keiffer*, 31 Ala. 136.

As we have intimated above, this case is presented in two aspects; one relying on an express contract of hiring by Wood; the other, on an implied promise by the latter to pay for work and labor performed for him, with his knowledge and consent. In the latter aspect of the inquiry, it was competent to prove on whose account the plantation was cultivated that year; and, as bearing on this question, the contract between Wood and Hall, and the dealings between Hall and Graham, were competent evidence. The court erred in excluding the testimony of R. H. Wood, bearing on these questions.

Reversed and remanded.