# Ala, Great Southern Railroad Co. *v.* Hill.

*Action for Wages, by Agent against Principal.*

1. *Appointment of agent by corporation; when implied.*—The appointment of an agent by or for a corporation, as by a natural person, may be implied from a confirmation of his acts, or an acceptance of his services without objection; and after such confirmation, or acceptance, the corporation can not evade payment for his services by denying the validity of his appointment.

2. *Extent of agent's authority.*—Authority to do an act includes authority to do every thing necessary and usual to its accomplishment; and authority to employ an agent or servant includes, in the absence of restrictive words, authority to make a complete contract, definite as to the amount of wages, as to all other terms.

3. *Contract of employment; compensation agreed on.*—A contract of employment may be express and definite as to all its terms, or it may be partly express and partly left to implication; and when services are performed under an express contract of employment, the wages or compensation not being specified, a recovery may be had under a *quantum meruit*.

4. *Declarations of agent; when admissible as evidence against principal.*—A depot-agent in the employment of a railroad company being notified by the superintendent to report for instructions to the assistant superintendent, and, on so reporting, being informed that the latter desired to transfer him to another station on the road; the transfer being made, and the depot-agent afterwards suing the railroad company for increased compensation, as promised by the assistant superintendent; *held*, that the statements and declarations of the assistant superintendent, while negotiating for the transfer, and up to the completion of the contract, were competent evidence against the railroad company.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT

This action was brought by John R. Hill, against the appellant, a domestic corporation, to recover an alleged balance due plaintiff for wages, or compensation, as defendant's depot-agent and telegraph operator at Eutaw, on the line of the defendant's road, from December, 1878, until June 1st, 1883, under a special contract of employment at the salary of $75 per month. The plaintiff had received payment, at the end of each month, to the amount of $50 per month, except for the months of April and May, 1883; and he claimed in his complaint his wages for each of those months, at the rate of $75 per month,

and an unpaid balance of $25 per month for each of the preceding months. The record does not show what pleas were filed, but there was a judgment on verdict for the plaintiff, for $1,752.23, the full amount claimed.

On the trial, a bill of exceptions was reserved by the defendant, which purports to set out all the evidence; but the opinion of this court, which states the material facts as to plaintiff's appointment as depot-agent at Eutaw, renders a full statement of the facts unnecessary. Several exceptions were duly reserved by the defendant to the rulings of the court in admitting as evidence, against the defendant's objections, conversations between plaintiff and one Wadsworth, who was assistant superintendent of defendant's road, and by whom, as plaintiff claimed and testified, he was placed at Eutaw as depot-agent, and his salary fixed at $75 per month; which conversations, as testified to, took place while said Wadsworth and plaintiff were on the cars going to Eutaw, and at different times afterwards; and in which Wadsworth stated, in reply to plaintiff's inquiry, that his salary would be $75 per month, and repeatedly promised to have his salary so specified on the monthly pay-roll. Similar declarations on the part of Wadsworth were proved by other witnesses, and were admitted as evidence by the court against the objection and exception of the defendant. The court charged the jury, on the request of the plaintiff, "that if Wadsworth had authority to put Hill in charge of the depot as agent at Eutaw, and to establish him as such agent at that place, then such authority carried with it the power to agree with Hill as to the amount he should be paid for his services." The defendant excepted to this charge, and requested, among others, the following charge: (10.) "Unless the general superintendent of said defendant company had notice of the amount agreed by Wadsworth to be paid to plaintiff, per month, then it was no ratification of said contract to allow plaintiff to remain as agent at Eutaw, if the jury believe, from the evidence, that the pay-rolls for each month were made out for said services as agent at $50 per month." The court refused this charge, and the defendant excepted to its refusal.

The several rulings of the court admitting as evidence the declarations and statements of Wadsworth, the charge given, and the refusal of the charges asked, are now assigned as error.

S. F. Rice, Wood & Wood, and J. P. McQueen, for appellant.—Railroad companies are not responsible for the declarations or admissions of their servants, beyond the immediate sphere of their agency, and during the transaction of the business in which they are employed.—*Railroad Co. v. Stults*, 15 Amer. & Eng. Railroad Cases, 97; *Dozier v. Freeman*, 47

Miss. 747; *Rives v. Plank-road Co.*, 30 Ala. 92; *Ready v. Mayor*, 6 Ala. 327; *Railway Co. v. Jones*, 22 Wisc. 194; 1 Brick. Digest, 63, § 160. When a person deals with an agent, he is bound at his peril to ascertain the extent of the agent's authority.—1 Brick. Dig. 55, § 35; *Gullett v. Lewis*, 3 Stew. 23; *Fisher v. Campbell*, 9 Porter, 210; *Railroad Co. v. Sultz, supra*; *Cummins v. Beaumont*, 68 Ala. 204; *Van Eppes v. Smith*, 21 Ala. 317; *Powell v. Henry*, 27 Ala. 612; *Howe Machine Co. v. Ashley*, 60 Ala. 496. To avoid the act of the agent, when he has exceeded his authority, the principal is not bound to give notice of his dissent.— *Wright v. Evans*, 33 Ala. 104; *Powell v. Henry*, 27 Ala. 612. The fact that a person acts as the agent of another, does not prove the agency: that must be proved by other evidence, before it can be assumed. *Scarborough v. Reynolds*, 12 Ala. 252; *McDougald v. Dawson*, 30 Ala. 553; *Kidd v. Cromwell*, 17 Ala. 648. The acts or declarations of a person who assumes to act as the agent of another, are not admissible as evidence against his supposed principal, without some independent proof of his authority or agency.— *Wailes v. Neal*, 65 Ala. 59; *Bynum v. So. Pump Co.*, 63 Ala. 462; *Womack v. Bird*, 63 Ala. 500; *Railroad Co. v. Hawk*, 72 Ala. 112. As to what notice is necessary to charge the principal, see *Reid v. Bank of Mobile*, 70 Ala. 199; *Hinton v. Insurance Co.*, 63 Ala. 488; *Railroad Co. v. Maples*, 63 Ala. 601; *Railroad Co. v. Stephenson*, 2 Duer, 341. When it is proposed to hold the principal liable for the unauthorized act of his agent, on the ground that he did not disown it, it must be shown that he had knowledge of it.— *Clark v. Taylor & Co.*, 68 Ala. 453; *Chapman v. Lee*, 47 Ala. 143; *Miller v. Board of Education*, 44 Cal. 166; *Smith v. Tracy*, 36 N. Y. 79; *Lester v. Kinne*, 37 Conn. 9; *Abbott v. May*, 50 Ala. 97; *Hortons v. Townes*, 6 Leigh, 47; *Croker v. Appleton*, 25 Maine, 131; *Howe Machine Co. v. Ashley*, 60 Ala. 498.

Jas. B. Head, *contra*.—The several exceptions to the admission of evidence showing that Wadsworth made the contract, are not well taken, if, in the plaintiff's whole case, there is evidence tending to show that he was so authorized.—*Rhodes v. Lowery*, 54 Ala. 4. Authority to do an act necessarily carries with it authority to do all things essential to its accomplishment.—Story on Agency, §§ 58, 85, 97; 1 Brick. Dig. 56, § 44; Angell & Ames on Corp., §§ 238, 284. Under the circumstances of the case, plaintiff was justified in contracting with Wadsworth, whether the latter was specially authorized or not.—44 Amer. Dec. 665, 669; Story on Agency, §§ 126–28; *Baldwin v. Ashley*, 54 Ala. 82; Wharton on Agency, § 159; 35 Amer. Dec. 358. No question of estoppel arises.

20

[Ala. Great Southern Railroad Co. v. Hill.]

If there was an express contract for $75 per month, the right of the parties are to be determined by it.

STONE, C. J.—The ancient rule, which bound down corporations to very strict observance of forms in the execution of powers conferred upon them, has been greatly relaxed. This has grown, in part, out of the vast increase of their numbers, and their adaptation to the growing wants of commerce. In the case of *Ala. & Tenn. Rivers R. R. Co. v. Kidd*, 29 Ala. 221, this court said: "The doctrine is now well settled, at least in the United States, that the appointment of an agent by a corporation need not be evidenced by the written vote of its functionaries; but that it may be inferred from the adoption of the acts of the agent by such functionaries, or by the corporation." And in Angell and Ames on Corp. § 84, it is said: "The vote of appointment may, as an appointment of an agent by a natural person, be implied from the permission or acceptance of his services, from the recognition or confirmation of his acts, or, in general, from his being held out as an authorized agent of the corporation. . . . If a person be employed for a corporation, by one who professes to act for it, and renders service under the agreement with the knowledge of the corporate officers, without notice from them of the employer's want of authority, payment for the services can not be evaded by the corporation." The rule is different, however, if the contract has not been executed by either party. The same author, and in the same section, says: "The same presumptions are applicable to corporations, as to natural persons."

Hill, the plaintiff, was depot-agent of the defendant railroad company at Attala. Ball was superintendent of the railroad, having his office at Chattanooga, its north-eastern terminus. Wadsworth was assistant superintendent, having his office at Birmingham, which is near the center of the line. Attala is between Chattanooga and Birmingham. Hill received notice from Ball, superintendent, notifying him to report to Wadsworth. He did so, when Wadsworth informed him he wished to transfer him to the office at Eutaw, a station lower down the road, and to place him in charge of the depot there. Accompanying him to the latter station, he placed him in charge, where he remained, performing the duties of station agent, for more than four years. The testimony tends to show, and the jury must have so found, that while proceeding to Eutaw, and after reaching that place, Wadsworth, in answer to a question by Hill as to what his salary or wages would be, informed him it would be seventy-five dollars per month. It is not shown that Ball, the superintendent, ever fixed the salary, or said anything on the subject. The corporation paid Hill monthly at

the rate of fifty dollars per month, which he received, and gave therefor customary receipts in full, on the pay-rolls. There is testimony that he sometimes protested, and he frequently claimed that an additional sum of twenty-five dollars was due him for each month; but the corporation never conceded it to him. We may as well say here, as elsewhere, that the present record raises no legal question on the effect of these receipts and acquittances, nor on the effect of Hill's continuance in the office, after he knew the corporation denied his right to the extra twenty-five dollars, monthly compensation. It was a mooted question of fact, whether Wadsworth promised Hill seventy-five dollars per month for the service he was to render at Eutaw. Rulings of the court bearing on this question, and on the connected question, whether, if he made such promise, the corporation was bound thereby, are the only legal questions this record presents.

It is not controverted, that Wadsworth alone made the arrangement and agreement with Hill, by which the latter surrendered the service at Attala, and took upon himself the duties of depot-agent at Eutaw. Neither is it, nor could it, under the testimony, be controverted, that in this service, Wadsworth was acting under the authority and command of Ball, the superintendent. There is no testimony tending to show, nor is it pretended, that the railroad corporation had authority over Hill, to transfer him from one station to another, without his consent. We must, then, presume that he left one station, and took charge of another, in virtue of a contract made. That contract may have been express in all its terms, or it may have been left to implication in part. If Hill took upon himself the duties of the new service, at the request of the corporation, and performed the service, that constituted a contract, on which he could recover a *quantum meruit*, even though nothing was said about compensation. And it is not denied that Wadsworth, under Ball's instructions, made this contract, and had authority to do so. Thus far, the corporation, receiving the benefit of Hill's services without objection, must be held to have ratified Wadsworth's act in employing him.

The precise question sought to be raised is, not that Wadsworth had no authority to ·employ Hill, but that he had no authority to agree on the amount of his wages. We can not agree to this. Authority to do an act, includes the power to do every thing necessary and usual to its accomplishment. Power to employ an agent or servant, if there be no restrictive words, includes the authority to make a complete express contract, definite as to the amount of wages, as upon all other terms. *Skinner v. Gunn*, 9 Por. 305; *Gaines v. McKinley*, 1 Ala.

446; *Cocke v. Campbell*, 13 Ala. 286; Story on Agency, §§ 58, 85, 97, 102.

Under the foregoing principles, there is no error in this record. What Wadsworth said and promised while negotiating with Hill, and up to the completion of the appointment, was clearly legal, as furnishing evidence of the terms of the contract declared on. And the charge of the court, given and excepted to, lays down the law precisely as we have declared it above.

The tenth charge asked, in view of the principles of law declared above, was inapplicable and misleading, and was rightly refused on that account.— *Callan v. McDaniel*, 72 Ala. 96.

Affirmed.