98   461
114  386

# Humes *et al. v.* Decatur Land Im. and Furnace Company.

*Action by Attorneys for Services Rendered to Corporation at Instance of its President.*

1. *Evidence of value of reasonable attorney's fees.*—In an action against a corporation to recover for services as associate counsel in an action in which defendant was interested, but not a party, it is not error to permit defendant to ask plaintiff, on cross-examination, what would be a reasonable fee for such services, "employed at the time your firm was employed, to obtain specific performance of that contract, independent of the value of the land, looking only to the pleadings representing plaintiff's interest in said cause," especially where there appears to be no contention as to the value of the services.

2. *Irrelevant testimony.*—Where it appears, in such case, that one B. was defendant's general counsel, and it is contended that plaintiffs were not employed by it, evidence as to whether or not defendant paid B. and its president a salary is properly excluded.

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

3. *When by-laws not admissible in evidence.*—It is error to admit in evidence a section of defendant's by-laws to show how B.'s and the president's "compensation was fixed," or for any other purpose, when there is no pretense that plaintiffs had any knowledge of the existence of such by-laws.

4. *Invasion of province of jury.*—Where defendant's president was plaintiff in the case in which such services were rendered, and he employed them, it is not error to refuse to charge that if, at the time, nothing was said by either party as to the capacity in which he was acting, plaintiffs "had the right to presume, from all the circumstances of the case, that he was acting for and on behalf of defendant," when the court cannot say that there is no evidence, other than the conversation had at that time, tending to rebut the circumstances which tend to show that defendant employed plaintiffs.

5. *When president of corporation, and the corporation both liable for attorneys' fees.*—Where the president of a corporation, who is authorized to make contracts for it, employs attorneys to render services in an action to which he is a party, and in which the corporation is also interested, and the interests of both are fully disclosed to such attorneys, and nothing is said as to who is to be liable for such services, both the president and the corporation are liable.

6. *Subsequent employment by corporation not void for want of consideration.*—Though plaintiffs were originally employed to represent such president personally, a subsequent contract with defendant for their services, which imposed on them no additional duty, is not void for want of consideration, where its interest was many times greater than its president's.

7. *Charge correctly stating defendant's liability for attorney's fee.*—Instructions that defendant is not liable unless plaintiffs were employed by it, though it was benefited by the services rendered, irrespective of what plaintiffs understood as to its liability, are not erroneous.

8. *Instructions ignoring part of the testimony in the case erroneous.*—There was evidence that the particular services plaintiffs were to render were originally agreed on, but that they were afterwards required to render greater services than those agreed on; that some of the latter services were rendered at the instance of the president of defendant, who succeeded the one who originally employed them; and that all the services rendered were accepted by it. *Held*, that instructions which ignored such testimony were erroneous.

9. *Charge upon sufficiency of proof.*—An instruction that proof that the services were performed is not sufficient to render defendant liable, unless there is also proof of knowledge and recognition thereof as having been rendered at the instance and request of defendant, is not erroneous.

10. *Charge as to admission after services rendered.*—An instruction to the effect that defendant is not bound by statements or admissions made by its officers after such services were rendered is not reversible error.

11. *Charge invading province of jury.*—It is error to charge, in such case, that if a contract was made between defendant's president and plaintiffs for services in the cause in which he was plaintiff, and a specified compensation was agreed on therefor, the verdict must be for the defendant.

APPEAL from Morgan Circuit Court.

Tried before the Hon. H. C. SPEAKE.

This action was brought by appellants to recover of the

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

appellee the value of alleged professional services rendered by appellants under employment as hereinafter stated.

The facts attending the employment of the plaintiffs, as shown by the witnesses introduced in their behalf, were as follows: In the early part of the year 1888, Judge Brickell, who was the general counsel of the defendant, telegraphed to Mr. Humes, of the plaintiff firm, to come to Decatur, that, in response to said telegram, Mr. Humes went to Decatur, and there, in company with Major Gordon, who was then the president of the company, Mr. Harris, who was one of the directors, and Judge Brickell, the conversation which led up to the employment of the plaintiffs was had. The evidence for the plaintiffs further tended to show that in this conversation Mr. Humes was told that the gentlemen with whom he was talking desired to secure the services of his firm in the litigation of Gordon v. Bean and Williams. The substance of the litigation is sufficiently stated in the opinion. Mr. Humes testified that during this conversation he was told that it was a matter of great importance to the company that a speedy and successful termination of the suit be obtained, and that any other result would be disastrous, and that this was the principal reason stated to him for the employment of his firm in the suit. He was thereupon given a history of the transactions involved in the suit, and immediately thereafter commenced to "render services for which he was employed." Upon further testifying, this witness stated that he had no recollection of any specific agreement or understanding as to what amount the compensation would be, but he understood, and it was so stated, that his firm was to be employed in the case for the benefit of, and to render services for, the Decatur Land Improvement & Furnace Company, and that he understood that he was to be paid by said company. There was also evidence to the effect that while the suit was being prosecuted, nominally, in the name of Gordon, it was for the benefit of the defendant in this cause; and that, while Gordon took part in the conversation in which the plaintiffs' firm was employed, Mr. Humes was not employed by him in his individual capacity, but in his capacity as president of the defendant. Judge Brickell, as a witness, testified that he was not willing to take all of the responsibility, and after talking over the matter with Mr. Harris he saw Major Gordon, and told him to employ Capt. Humes, and that he insisted upon it, whereupon Capt. Humes was telegraphed for, and his services engaged. Mr. Gordon, as a witness, testified that, about the middle of July, Judge Brickell said

to him that the case of *Gordon v. Bean,* was pending, and that he and Mr. Harris had gotten pretty well through with the cause, but that there were two or three other witnesses in the case whose depositions had to be taken, and they needed the services of some other attorney to take their testimony, and Judge Brickell suggested the employment of Capt. Humes. This witness further testified that after the arrival of Mr. Humes, in Decatur, in response to a telegram, and in conversation with him when alone, he (Gordon) employed Mr. Humes, and agreed upon a fee of $250; that at the time he had this conversation, and employed Mr. Humes, he did not suppose there was a great deal of work to be done, and regarded this a reasonable fee,—and further testified: "I made the contract with him individually, to protect my individual interests." There was testimony, introduced without conflict, showing that the plaintiffs performed a great deal more work than that for which they were originally employed, and that they were of counsel in the case up to the time of its final settlement. There was also evidence introduced by several attorneys that the services performed by the plaintiffs in the case involved were reasonably worth $5,000. Upon the examination of Mr. Sheffey as a witness, he testified that he was one of the partners of the plaintiff firm. He was asked on cross-examination the following question: "In the case of *Gordon v. Bean,* what, in your judgment, would be a reasonable fee for the services, as associate counsel, employed at the time your firm was employed, to obtain specific performance of that contract, independent of the value of the land, looking only to the pleadings representing plaintiff's interest in said cause? The plaintiffs objected to this question on the ground that it was irrelevant and immaterial testimony. The court overruled the objection to this question, and the plaintiffs excepted. The witness answered: "The whole fee should have been ten per cent."

The plaintiffs requested the following written charge, and duly excepted to the court's refusal to give said charge: (3.) "If the jury believe from the evidence that the plaintiffs were employed in the said Chancery case of *Gordon v. Bean,* and Williams by the said Gordon, and at the time of such employment he was the president of the defendant, and if the jury further find that at the time of such employment nothing was said by either of the parties to said conversation as to the capacity in which the said Gordon was acting, in contracting for such employment, the said Humes

and the other plaintiffs in the case would have the right to presume that the said Gordon, from all the circumstances in the case, was acting for and on behalf of the defendant in the making of the said contract of employment; and if the jury further believe from the evidence in the case that the plaintiffs acted upon the correctness of this presumption, in the performance of the service sued for in this action, the jury would be authorized to find for the plaintiffs."

At the request of the defendant the court gave the following written charges, to the giving of each of which the plaintiffs separately excepted : (1.) "If you believe from the evidence that the land company was in like interest with said Gordon in the result of the litigation of the case of *Gordon v. Bean*, and that said land company was benefited by the services rendered by plaintiffs in said cause, yet there is no rule of law which fastens the liability on said land company for any part of plaintiffs' fee in said case, unless plaintiffs were employed therein by said land company." (2.) "If you believe from the evidence that both Gordon and the land company were interested in the property involved in the litigation of *Gordon v. Bean*, and that Gordon individually employed plaintiffs to press an interpretation of the contract involved in said suit favorable to the interest of said Gordon and said land company, and that plaintiffs were not at the same time employed by said land company in said cause, then this was Gordon's individual act,—Gordon's individual contract,—and the land company would not be liable to plaintiffs therefor." : (3.) "However valuable the services of plaintiffs, for which this suit is instituted, may have been to the land company, yet plaintiffs cannot recover of said land company unless they were employed by it in the suit in which such services were rendered. The law is that when Humes was employed as attorney, and entered upon his employment, in the case of *Gordon v. Bean*, his duty was a vigilant prosecution of the rights of Gordon in the litigation." (5.) "Notwithstanding the land company may have been benefited by the services rendered by plaintiffs in the case of *Gordon v. Bean*, if you believe such to be a fact, yet the jury is not authorized to go beyond the parties making the contract by which such services in said cause were procured, in search of an implied promise to pay for such incidental benefit." (6.) "So far as the liability of this defendant is concerned, it makes no difference what plaintiffs understood as to the land company being liable to them for their fee in said case of *Gordon v. Bean*. If you believe from the evidence that plaintiffs' services in said

cause of *Gordon v. Bean*, were not procured by the defendant land company, then this defendant is not liable to plaintiffs for their services in said case, and your verdict should be for the defendant." (7.) "When Humes first entered upon his employment as an attorney in the case of *Gordon v. Bean*, he did so under a contract, either expressed or implied; and any promise afterwards made by the land company, either express or implied, to pay him or his firm for services rendered in said cause in his capacity as associate attorney in said cause of *Gordon v. Bean*, is without consideration, so far as the land company (defendant) is concerned, and the defendant in this cause would not be liable therefor." (8.) "If you believe from the evidence that plaintiffs entered upon the prosecution of the case of *Gordon v. Bean*, under promise, either expressed or implied, from Gordon, that they were to be paid a reasonable compensation for their services, then the defendant land company is not liable to plaintiffs for the services rendered by them in said cause, and your verdict should be for the defendant." (9.) "Before the plaintiffs can recover in this action, it devolves upon them to show to your reasonable satisfaction that their services in said case of *Gordon v. Bean*, were retained by the defendant land company ; and if you believe from the evidence that the plaintiffs entered upon the performance of services in said cause of *Gordon v. Bean*, at the instance of said Gordon, and under an implied promise from him to pay them what their services in said cause were reasonably worth, then no subsequent implied contract on the part of the defendant land company could be made with plaintiffs to pay plaintiffs for their services in the prosecution of said suit of *Gordon v. Bean*, in this case." (10.) "Before the plaintiffs in this case can recover of the defendant land company, they must show to the satisfaction of the jury that they were employed by the land company as attorneys in the cause of *Gordon v. Bean*, and, unless you believe from the evidence that plaintiffs entered upon service in said cause of *Gordon v. Bean*, under employment of the land company, your verdict should be for the defendant in this cause." (11.) "The law is that when plaintiffs were employed, and entered upon their employment, in the case of *Gordon v. Bean*, their duty was a vigilant prosecution of the rights of Gordon in that litigation. If you believe from the evidence they were employed, it is immaterial what benefit the land company derived from the services rendered by them in said cause, in the prosecution of the rights of said Gordon. If said services were not procured by said

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

land company, it is not liable to plaintiffs in this case."
(12.)   "If you believe the evidence, you will find that what-
ever interest the land company had in the litigation involved
in the case of *Gordon v. Bean,* was derived by contract from
said Gordon ; and if you find from the evidence that plain-
tiffs made a contract with said Gordon, either express or
implied, to represent his interest in said litigation, said
contract necessarily embraced the interest of the land com-
pany in said litigation, and no subsequent promise of said
land company, either express or implied,—if you believe
such promise was made,—to pay the plaintiffs for their
services rendered in said cause for the protection of said
land company's interest, would be binding upon said land
company, and said land company would not be liable there-
for."    (13.)   "If you believe the evidence, you will find that
whatever interest the land company had in the litigation
involved in the case of *Gordon v. Bean,* was derived by con-
tract with said Gordon, and if you find from the evidence that
plaintiffs made a contract with said Gordon, either express
or implied, to represent his interest in said litigation, said
contract necessarily embraces the interest of the land com-
pany in said litigation, and no subsequent promise of said
land company, either express or implied,—if you find such
promise,—to pay the plaintiffs for their services rendered
in said cause for the protection of said Gordon's interest,
would be binding upon said land company, and said land
company would not be liable therefor."    (14.)   "If you be-
lieve from the evidence that the services of the plaintiffs in
the prosecution of the case of *Gordon v. Bean,* were pro-
cured by the complainant, Gordon, in said suit, and you
further find that at this time there was no express contract
made for the amount of plaintiffs' fee in said suit, then
the law is that there was an implied contract on the part
of said Gordon to pay plaintiffs what said services were
reasonably worth ; and no subsequent contract, either ex-
press or implied, could be made between plaintiffs and the
defendant land company, by which this defendant land com-
pany would be liable to plaintiffs for their fee for their said
services in said cause of *Gordon v. Bean.*"    (15.)   "Plaintiffs
cannot recover in this case for professional services rendered
by them, without proving to the reasonable satisfaction of
the jury that they were retained by the land company ; and
even proof of the actual performance of such services is
not sufficient, unless plaintiffs go further, and prove a knowl-
edge and recognition of such services as having been rendered
at the instance and request of the land company."    (16)· "If

you believe from the evidence that plaintiffs were employed in the cause of *Gordon v. Bean,* by Gordon, the complainant in said suit, and if you further believe from the evidence that at this time the plaintiffs were not also employed by the land company, then plaintiffs can not recover in this suit, and your verdict should be for the defendant." (17) "The parties making the contract by which plaintiffs' services in the case of *Gordon v. Bean,* were procured, if you find such contract was made, are alone liable to plaintiffs for their fee in said cause." (18) "If you believe from the evidence that Judge Brickell was the general counsel of the defendant land company, and that while he was such general counsel, and during the progress of the suit of *Gordon v. Bean,* whilst the plaintiffs were performing services in said suit, he stated to plaintiffs, or either of them, in the presence of Harris and Jones, or either of them, that under the arrangement between Gordon and the land company, the land company was liable and responsible to the plaintiffs for whatever services plaintiffs might render in said cause of *Gordon v. Bean,* and if you further believe from the evidence that Harris and Jones, or either of them, knew that plaintiffs were employed in said cause by the complainant Gordon, and the said Harris and Jones did not deny the statement of said Brickell, but assented to and affirmed the same, then I charge you, gentlemen of the jury, that the law is that the failure of said Harris and Jones to deny said statement, would not raise any presumption of an implied promise on the part of the land company to pay for said services, and that their assent to, and affirmance of said statement of said Brickell was not such a promise that would make said land company liable to plaintiffs for said services." (19) "If you believe from the evidence that a contract was made between Major Gordon and Capt. Humes for the services rendered in the cause of *Gordon v. Bean,* and that the compensation agreed upon was two hundred and fifty dollars, then your verdict should be for the defendant in this suit." (20) "Under the evidence in this case, the Decatur Land Improvement & Furnace Company had no right capable of enforcement under the contract with Gordon, in evidence before you ; and you may look to that fact, in connection with all the other legal evidence in the case, to determine whether said land company employed plaintiffs to assist in enforcing a contract in which that company had no legal or enforceable interest."

WERT & SPEAKE, for appellants.

JOHN C. EYSTER, for appellee.

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

COLEMAN, J.—The appellants, who are plaintiffs, sued in assumpsit upon the common counts, to recover for services as attorneys, claimed to have been rendered at the instance and request of defendant. The plaintiffs' right of action grew out of a bill filed in the Chancery Court, in which E. C. Gordon was complainant, v. Bean & Williams, filed to enforce specific performance of an agreement between Bean & Williams in regard to the sale of twenty acres of land. Williams assigned and transferred to Gordon whatever rights and interest he acquired in the land by his agreement with Bean. Gordon and others formed an association for the purpose of organizing and being incorporated as the Decatur Land Improvement & Furnace Company, and in furtherance of this intention, an agreement was entered into between Gordon and certain parties as trustees, which provided for the sale and conveyance of the land to the Decatur Land Improvement & Furnace Company. After the incorporation was effected, the corporate company took possession of the land, laid it off into lots, and sold many of them to purchasers, the terms of the sale to the purchasers of the lots being one-third cash, and balance on credit, titles to be made upon full payment of purchase-money. The sales by the Land Company aggregated about one hundred thousand dollars. The consideration that Williams contracted to pay Bean was one thousand dollars. It was under these circumstances that Gordon called upon Bean, tendered him the one thousand dollars, and demanded the performance of his agreement with Williams, by a conveyance of the legal title. Bean refused to carry out the agreement, and Gordon filed the bill to enforce specific performance. After the bill had been filed, and while it was pending, plaintiffs were employed to assist in the prosecution of the suit. At the time of their employment, Gordon was president of the Decatur Land Improvement Company, Harris, a director, and Brickell, general counsel. Before final decree in the Chancery Court, Harris was elected president of the company, and he was president also, pending its appeal to the Supreme Court of the State. The question of contention is, whether plaintiffs were employed by Gordon to represent him alone individually, or by the company, to protect and represent its interest as involved in the suit between Gordon and Bean. The evidence is in conflict, there being evidence tending to sustain both contentions. The credibility of witnesses, and what conclusions of fact are sustained by the evidence, are questions wholly within the province of the jury, guided by proper instructions from the court as to the law of the case.

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

In ascertaining the value of professional services rendered by an attorney, it is the practice in this State to consider the amount or value involved, in connection with the labor and skill used by the attorney, the reasonable expense incurred, and the benefits received. These may be considered together in forming a conclusion. On cross-examination, it is not proper to enquire as to the value of each, or any other proper ingredient which may have been considered, in arriving at a conclusion of the value of the whole. The objection to the question to the witness Sheffey, was properly overruled. Moreover, there seems to be no contention as to the value of the services rendered. The contention is, as to who is liable, and whether there was a specific contract for a definite amount. There was no error in sustaining the objection to the question to the witness Harris, "was the Land Company paying you and Judge Brickell a salary?" We do not see how the contract or terms of employment of Brickell and Harris, could throw any light upon plaintiffs' contract or terms of employment. They had no contention with each other so far as disclosed by the record. Against the objection of the plaintiffs, the court admitted in evidence section 4 of the By-Laws of the defendant. If it be true, as contended for in brief by appellee, that this By-Law was admitted merely "to show how Brickell & Harris' compensation was fixed," then it was irrelevant, and the objection to it should have been sustained upon the same grounds that the objection to the question to the witness Harris was sustained. We think, however, that the effect of the introduction of the By-Law was calculated to impress the jury with the conviction, that it was incumbent on plaintiffs to show they were employed and their compensation fixed as therein provided. By-Laws of this character may be binding upon members of the association, but can not bind strangers dealing with it unless they have knowledge of the existence of such By-Laws.—1 Morawetz, § 500–510; § 538. There is no pretense that plaintiffs had any such notice.

There was no error in refusing charge No. 3 requested by plaintiffs. Pretermitting other defects, the charge clearly invades the province of the jury. The proposition asserted is, that if at the time of plaintiffs' employment by Gordon, in the case of *Gordon v. Bean*, he then being president of the company, nothing was said by either party as to the capacity in which Gordon was acting, that plaintiffs had "the right to presume from *all the circumstances* in the case, that Gordon was acting for and on behalf of the company." There are circumstances in the case, which if believed by the jury,

tend to show an employment by the company. We can not
say there is no evidence in the case, other than the conver-
sation with Gordon, which tends to rebut or contradict these
circumstances. If the court should declare, as a conclusion,
that plaintiffs had the right to presume under the circum-
stances, that Gordon acted for and on behalf of the company,
it would determine the credibility and weight of evidence.
The exceptions to the charges given for the defendant, and
the assignments of error are very numerous, and we will first
declare general principles of law which appear applicable to
the case. "No person has the right to compel another in-
voluntarily to become his debtor except in certain excepted
cases. If one perform useful services and work for another,
of a character that is usually charged for, with the knowledge
of that other, and he expresses no dissent, or if he avail
himself of the services, then the law implies a promise to
pay for such services what they are reasonably worth. And
assent is sometimes implied from silence."—*Seals v. Ed-
mondson,* 73 Ala. 298. This rule of law applies to corpora-
tions as well as natural persons.—2 Parsons on Contracts,
7th Ed., pp. 55, 57 and 58; Story on Agency, § 53.

In *Grimball v. Cruse,* 70 Ala. 544, the rule is thus declared:
"Few decisions are rendered affecting property rights, that
do not in some respects benefit others, who are not parties
to the suit or the retainer. To travel beyond the parties
making the contract, in search of an implied promise to pay
for such an incidental benefit, would introduce a new and
dangerous principle in implied contracts the extent of which
it is difficult to conjecture." "However valuable the services
of an attorney may have been to a party in a suit, in which
he represented others having a similar interest, he can not
recover a fee from a party who has not employed him."
Quoting 5 La. Ann. 481. It is also stated that where there
are two defendants and one of them employs an attorney to
represent both himself and the other defendant, of which
the latter is apprised, he can not recover of the latter.—*Ib.*
70 Ala. *supra,* 545. Of course the principle last declared
has no application, if the one defendant who secured the
services of the attorney, had been duly authorized by the
other defendant to employ counsel for him, and under such
authority acting for himself and the other defendant, the con-
tract of employment has been entered into, for the benefit of
both.— *Wood v. Brewer,* 66 Ala. 570; *A. G. S. R. R. Co. v.
Hill,* 76 Ala. 303.

Contracts may be expressed or implied, or partly expressed
and in part implied. One who employs another to perform

certain services for his benefit, without an agreement as to terms, impliedly agrees to pay reasonable compensation for the services. If the person contracting for the services of another is known to be an agent duly authorized to contract for his principal, and the services to be performed are wholly for the benefit of his principal, and this is fully explained to the person employed, and there is nothing said about the price to be paid, or who was to be liable, and the principal knew that the services were being rendered and assented thereto, the law implies an obligation on the part of the principal the consideration moving to him to pay what is right. To hold an agent personally liable, in cases in which he discloses his principal, and that the services to be rendered are for the sole benefit of his principal, and the contract is within the scope of his authority, it must be shown that credit was given exclusively to the agent, and that the agent was informed of that fact. —Amer. Ld. Cases Col. 1 pp. 628, 638; Story on Con. § 145, 146, § 160a; § 279; 1 Wait's Actions, pp. 237, 256.

According to one phase of the testimony, the question is raised, as to what are the presumptions of law, in cases where an agent duly authorized to make a contract for the principal, is himself also with the principal personally interested, and his interest and that of his principal is fully disclosed to the person, at the time of the contract of employment, and nothing is said as to the amount to be paid or as to who is to be liable for the services. It would seem to follow from the foregoing principles of law, and it is right in principle, that both would be liable, and either or both could be sued in separate actions, and a recovery had upon *quantum meruit*.—Story on Agency, §§ 279, 288, 289.

Of course these legal presumptions may be rebutted by other facts and circumstances in the case, if there are any, which may show that it was intended by the parties that credit should be given the one or the other or to both parties.

There is some evidence tending to show that at the time plaintiffs were retained they were informed of the extent and character of the services to be rendered, but in the subsequent prosecution of the case, it became necessary for plaintiffs to render other and valuable services, in addition to those of which plaintiffs were informed at the time of their employment. If the additional services were rendered at the instance and request of the defendant, acting through its lawfully authorized agents, we know of no principle of

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

law which would relieve the defendant from liability for such services either upon an expressed or implied contract.

The proposition is asserted in some of the charges, that if plaintiffs were employed by Gordon to represent him individually, any contract made with defendants in regard to the suit of Gordon v. Bean, which imposed no additional duty on plaintiffs, was without consideration and null and void. In the case of *Johnson, Admr. v. Sellers*, 33 Ala. 265, it is said, "a promise by defendant to plaintiff, made to induce the latter to comply with an existing contract between him and other persons is without consideration." We are not disposed to depart from the rule as here stated, but we are not willing to extend it so that if the party making the second contract is directly interested in the result, and is to be benefited, he can not employ the same party for the protection of his own interest. If two persons are jointly indicted, and put upon trial, or, if only one is upon trial, and either employs counsel to defend him, the fact that an acquittal of the one employing counsel, must result in acquittal of the other, will not render a contract of employment by the latter null and void. He would not be liable, in the absence of a contract, although indirectly benefited by the contract of the other. Under the evidence in this case the individual interest of Gordon in the case of *Gordon v. Bean*, was less than a thousand dollars, while that of the defendant was many thousands. Such a difference would exert a very material influence in the compensation to be paid, and which all the evidence shows in this case was reasonable at $5,000.00. The responsibility is proportionately increased, and also the extent of liability for neglect of duty. We are of opinion that although Gordon may have employed plaintiffs to represent him individually, that fact would not render invalid a contract of employment by the defendant, to represent its interest acting through its lawful agent.

The first six charges given at the request of the defendant, do not conflict with these principles. Their particular phraseology may in some instances, have justified an explanatory charge, but we can not see that either of them assert incorrect principles of law. Charges 7, 8, 9, and 10, do not accord with the law, and should have been refused. These charges ignore that part of the testimony, which tends to show that plaintiffs were called upon to render a great deal more and material services than at first stated to them, and there is evidence tending to show some of these services were rendered at the instance of Gordon, and some of them at the instance of Harris, after he was elected president of

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

the defendant company. Furthermore, we will not extend the rule declared in *Johnson v. Sellers*, 33 Ala. *supra*, as far as asserted in some of these charges. The same objections apply to charges 12, 13 and 14, and 16. It would not follow from all the evidence as the only legal conclusion, that if Gordon agreed that plaintiffs should be paid reasonable compensation for services to be rendered in the case of *Gordon v. Bean*, that defendant would not be liable. In construing these charges, it must be remembered that Gordon was president of the defendant company, that not only his individual interest in the result of the suit was explained to plaintiffs, but also that of the defendant, and the services rendered were for the protection of both, and accepted by both parties. Under these circumstances it requires more proof than the mere fact of employment by Gordon, to make him solely liable. We find no errors in charges 11, 15 and 17.

As we understand charge 18, it simply asserts the proposition that statements or admissions by an agent as to past transactions are not competent evidence against his principal. The wording of the charge may have a tendency to mislead, and justified an explanatory charge, but the giving of such a charge as thus understood, is not reversible error.

Charge 19 is in conflict with the law as we have declared it. Although Gordon may have agreed to pay $250.00 individually that would not necessarily entitle defendant to a verdict. *Non constat* but defendants were also bound by the contract of employment or on an implied contract, under some phases of the evidence.

Charge 20, might have been refused as argumentative, but it is erroneous in law. Conceding merely for the argument, that the defendant had no enforceable rights under the contract with Gordon, if the question was of that doubtful and grave character as that defendant deemed it necessary to employ counsel, to protect it and guard against supposed disastrous consequences, as was certainly the opinion of its learned general counsel, and its president, the fact that as a matter of law, its interest was not in jeopardy, ought not to exert any influence, in determining whether there was a contract of employment for its protection. It is unnecessary to construe the contract referred to in this charge, and we express no opinion upon it.

Reversed and remanded.