# Hood, Admr. v. League.

*Action for Work and Labor done.*

1. *Work and labor performed; acceptance of services rendered; the law presumes obligation to pay therefor.*—Where, in the absence of an express contract, valuable services are rendered by one person to another, which are knowingly accepted, the law will presume an obligation to pay therefor what such services are reasonably worth, unless there is some other circumstance to rebut the presumption.

2. *Open account for services rendered; statute of limitations*—A claim for services rendered, where there was no express contract, but which were knowingly accepted and enjoyed, is an open account; and in an action on such a demand, the plea of the statute of limitations of three years is a bar to the recovery of so much of the claim as became due three years prior to the commencement of the suit.

3. *Action against administrator on open account; computation of time under the statute of limitations.*—In an action on an open account against an administrator for services rendered his intestate, where the plea of the statute of limitations of three years is interposed, the

[Hood, Admr. v. League.]

six months in which no suit can be brought against the administrator, (Code, § 2263), must be excluded from the computation of three years limitation under such plea.

Appeal from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellee against the appellant, as administrator of Louisa Garrett, deceased, to recover for services rendered to the defendant's intestate; and was commenced February 23, 1892.

The complaint in this case sought to recover an amount due from defendant's intestate "by an account made by said intestate on the first day of October, 1890, or for work and labor done, and for services rendered to the said Louisa Garrett, now deceased, during her lifetime by the plaintiff, during divers days, weeks, months and years prior to her death," &c. The defendant pleaded the general issue, and for a further plea, pleaded the statute of limitations of 3 years and of 6 years. On the trial of the cause, it was shown by several witnesses, introduced in behalf of the plaintiff, that she had lived with the defendant's intestate, Louisa Garrett, since October, 1868, up to the time of her death, which occurred in November, 1890; that for some four years prior to her death the said Louisa Garrett was partially paralyzed and unable to help herself; that plaintiff did the cooking, washing, cleaning up the house, milking, cutting wood, fed and tended the stock; and that for these services she had never been paid except a few dollars at different times. It was also shown by the testimony of these witnesses that no contract to pay the plaintiff for her services in the household of Louisa Garrett had ever been made, between the plaintiff and the said Louisa Garrett; but it was shown that said Louisa Garrett, some few days before her death, had requested the physician, who attended her in her last illness, and who had been her family physician for a number of years, "to see that plaintiff got her pay for waiting on her, as she had never paid her anything, or given her anything."

The cause was tried by the court without the intervention of a jury; and upon the introduction of all the testimony the court rendered judgment for the plaintiff. The bill of exceptions contained the following statement: "According to the testimony of the witnesses

the value of the services rendered ranged from twenty-five to four dollars per month for the four years next preceding the death of Louisa Garrett. Such services were customarily paid for in the community; where Louisa Garrett lived, by the month or by the year at furthest. The court in rendering its judgment found there was no evidence of any contract, express or implied, to pay plaintiff for her services prior to the four years of Louisa Garrett's invalidism, and restricted the recovery to said four years, fixing the value of the services at $12.50 per month for said four years next preceding Louisa Garrett's death. The court deducted $20 received by plaintiff from Louisa Garrett July, 1890, and $20 more Sept. 3, 1890, and another sum of $22.50, the date of receipt of which the testimony wholly failed to show, and gave judgment for $612.75." The defendant appeals; and assigns as error the judgment rendered for the plaintiff.

DORTCH & MARTIN, for appellants.

W. H. DENSON, contra.

COLEMAN, J.—This action was to recover for services rendered by Patience League to defendant's intestate. Prima facie, valuable manual services rendered by one person for another, the benefits of which are knowingly accepted and enjoyed by the latter, were not intended or understood to be a donation. Unless there is something in the relation of the parties, the nature of the service rendered, or other circumstances to rebut the presumption, the law will presume an obligation to pay for such services, and if there was no express contract as to value, the law will imply that the party receiving the benefit of the services, agreed to pay what they were reasonably worth.—Wood v. Brewer, 66 Ala. 570; A. G. S. R. R. Co. v. Hill, 76 Ala. 303. In addition to this principle of law, the family physician of deceased testified that, a few days before her death, she requested him "to see that plaintiff got her pay for waiting on her." This testimony is not only uncontradicted, but there are no facts in evidence, which would authorize an inference in conflict with it. The action was for services rendered during a number of years

prior to the death of deceased, and as the evidence shows was upon an implied contract to pay. The evidence shows, that it was customary to pay for similar services, either by the month or by the year.

The suit was upon an open account—*Gayle v. Johnston* 72 Ala. 254. The defendant interposed the plea of the statute of limitations of three years. This was a good plea in bar to the action for so much of the claim as had become due, three years before the beginning of the action, excluding from the computation six months as provided in section 2263 of the Code. When the wages are payable by instalments, the party entitled to receive them, may sue and recover each instalment as it becomes due.—*Strauss v. Meertief*, 64 Ala. 299. It will depend upon whether the wages became due and were payable monthly, or at the end of each year, to determine what claims are barred by the statute of limitation of three years.

The court properly credited the claim with the payments made, but erred in rendering judgment for services rendered during a period back beyond that to which the plea of the statute of limitations applied.

Reversed and remanded.