## Martin v. Henderson.

### *Assumpsit.*

(Decided April 13, 1915. 68 South. 478.)

1. *Attorney and Client; Contract of Employment; Quasi Contract.* —One who accepts legal services performed for him with his knowledge by an attorney is liable for the reasonable value of his services.

2. *Same; Express Contract; Quantum·Merruit.*—Where nothing is said as to the amount of compensation, one who hires an attorney is liable for the reasonable value of his services.

3. *Same.*—A person has the right to choose who shall become his creditor, and where a defendant accepted legal services performed for him by the plaintiff, with the understanding that such services were being rendered to fulfill the contract of another lawyer, who had become disqualified, having neither employed plaintiff himself, nor authorized such other attorney to employ plaintiff, plaintiff could not maintain his action against defendant for payment for his services.

4. *Same; Simultaneous Hiring.*—Where plaintiff performed services for defendant under contract of hire by such defendant, and also under contract with another attorney who had been formerly employed by defendant, to complete such attorney's contract with the defendant, the plaintiff had a right of action both against the defendant and the other attorney for the value of his services until he was paid by one.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

[Martin v. Henderson.]

Assumpsit by H. L. Martin against J. E. Henderson to recover for the value of services rendered as an attorney. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. W. SANDERS, for appellant. In giving the charge requested by the defendant, the jury was limited to a consideration of the hypothesis of the defendant to exclusion of that of the plaintiff, and this was error.—*Hammett v. Brown*, 60 Ala. 498; *Cook v. Central Railway Co.*, 67 Ala. 533.

C. W. SIMMONS, for appellee. No brief reached the reporter.

THOMAS, J.—The suit is by the appellant and seeks to recover under the common count on a quantum meruit for legal services rendered by him for the benefit of appellee in certain matters of litigation, in which the latter was a party or was beneficially interested. There is no dispute in the evidence as to the fact that the services were rendered, or as to the reasonable value of those services, or as to the fact that the appellee had knowledge of them while they were being rendered and accepted the benefit of them. The sole issue in the case was as to whether or not the appellee requested the performance of the services.

If there was nothing in the evidence to the contrary, the law would imply such request and a promise to pay for the services—their reasonable value—from the fact that the appellee with knowledge of the services as they were being performed accepted them.—*Humes v. Decatur Land Imp. & Fur. Co.*, 98 Ala. 471, 13 South. 368; *Hood v. League*, 102 Ala. 228, 14 South. 572; *Joseph v. Foundry Co.*, 99 Ala. 47, 10 South. 327; *La Fayette Railway Co. v. Tucker*, 124 Ala. 518, 27 South. 447.

The appellant, however, does not rely in his evidence upon an implied request, but upon an express one, which he testifies was made to him directly by the appellee before the services were performed, though the amount of the compensation, he says, was not agreed upon. If this be true, he was, of course, likewise equally entitled to recover their reasonable value under the complaint here. *Humes v. Decatur Land Co.*, 98 Ala. 467, 13 South. 368.

It appears without dispute that another attorney— one Sollie—had, at the inception of the litigation in which appellant latter rendered the services here sued for, been employed by the appellee to conduct such litigation to a conclusion, but that said attorney, before the litigation had terminated, was appointed as a circuit judge, which prevented him from carrying out his contract. The appellant testified that after this appointment of that attorney as judge, the appellee personally employed him (the appellant) to complete and finish up said litigation, but without any agreement as to the amount of the fee. The appellee denied that he had ever employed the appellant, as claimed by him, and testified that he accepted appellant's services in the litigation under the understanding that appellant was performing such services for said Sollie, the previous attorney, who had been so appointed judge, and that said understanding was based upon information conveyed to him both by appellant and by said Sollie to the effect that said Sollie had individually employed appellant to finish up the litigation and thereby to complete his (Sollie's) contract with appellee.

If appellee's contention be true, then he is not liable in this action, although he did accept the services performed by appellant, and although they were useful and valuable, because the law gave him the right to choose his own creditor, and if he did not himself employ ap-

pellant or authorize said Sollie to do so for him, this suit cannot be maintained.—22 Ency. P. & P. 1372, and authorities cited in note 1; *Grimble v. Cruse*, 70 Ala 545; *Wood v. Brewer*, 66 Ala. 570; *A. G. S. R. R. Co. v. Hill*, 76 Ala. 303; *Humes v. Decatur Land & Imp. Co.*, 98 Ala. 471, 13 South. 368.

There is no contention that appellee authorized Sollie to employ appellant—in fact, appellant says that Sollie never employed him at all, either individually or as a professed agent of appellee. The sole contention of appellant is, as hereinbefore stated, that appellee himself personally and expressly employed him (the appellant). If his evidence to this effect be true, then he was entitled to recover, notwithstanding Sollie may have individually also employed him, unless Sollie has remunerated him in full for the services performed.—Authorities supra. There is no evidence tending to show that Sollie has done so, even in part.

We know of no principle of law that would forbid two persons from employing individually (each for himself), and not jointly, a third person to do the same service, and while such person might probably not be entitled to remuneration from both for the service performed, as this would be permitting double pay, yet he would certainly be entitled to such remuneration from either one of the two that he might seek to hold liable. We are therefore of opinion, in view of the issues developed in the testimony as pointed out, that the trial court erred in giving, at the request of appellee (defendant below), written charge No. 1, to the effect that if the jury believed from the evidence that the defendant, Henderson, had secured the services of Sollie, and that Sollie, on being elevated to the position of circuit judge, employed the plaintiff, Martin, to represent him in the litigation, in which was rendered the service sued

for, they would find for the defendant. Such charge was faulty, in that it ignored the question as to whether or not defendant himself employed plaintiff.—*Hammett v. Brown*, 60 Ala. 498; *Cook v. Cen. R. Co.*, 67 Ala. 533. The fact that Sollie did is not conclusive that defendant did not also do so; and if he did, as plaintiff's evidence tended to show, then defendant is liable on principles as stated, although Sollie also employed plaintiff.

For the error, the judgment is reversed and the cause remanded.

Reversed and remanded.