# Patterson, *et al.* v. Carter, *et al.*

*Bill to Annul Judgment at Law and Revoke Letters of Administration.*

(Decided April 28, 1906. 41 So. Rep. 133.)

1. *Judgment; Equitable Relief; Parties Entitled.*—Equity will relieve the heirs of a judgment against the administrator, where such judgment was obtained through collusion with the administrator, or on account of a failure on his part to use due diligence to defend the action, unless the judgment was for a valid and subsisting claim.

2. *Executors and Administrators; Claims against Estate.*—The presumption is that one rendering service to decedent, who stood in *loco parentis* to her, does so without the expectation of receiving payment therefor, but the presumption may be overcome by evidence showing a contrary intent between the parties.

3. *Witnesses; Competency; Transaction with Decedent.*—In an action against an administrator seeking to recover against such

[Patterson, et al. v. Carter, et al.]

for alleged services rendered decedent in life, plaintiff was incompetent under § 1794, Code 1896, to give testimony concerning transactions with or services rendered to decedent.

4.   *Executors and Administrators; Claims against Estate; Evidence; Sufficiency.*—In an action for services rendered decedent by a member of her family, the fact that decedent said that she wished plaintiff to have certain property after decedent's death, did not tend to show liability for such services.

APPEAL from Marshall Chancery Court.

Heard before HON. W. H. SIMPSON.

This was a bill filed by the heirs and grandchildren of one Sarah Patterson seeking to set aside a judgment by default rendered at the suit of Sealley Patterson against W. H. Carter as administrator of said Sarah Patterson. The bill alleges collusion between the plaintiff in the suit and the administrator or a failure on the part of the administrator to exercise diligence in defending the suit. It sets up that there was no necessity for an administration and no demands against the estate except the similated demand of Sealey Parterson and denies that the estate owes Sealley Patterson anything. The bill seeks also a revocation of the grant of letters of administration. The other facts sufficiently appear in the opinion.

JOHN A. LUSK, for appellant.—If respondent was entitled to any wages at all they were due at the end of the week or the month and the statute of limitations began to run at the end of that time.—*Hood v. League,* 102 Ala. 228; *Srauss v. Metcalf,* 64 Ala. 299. Long before the suit was brought the claim was barred by the statute of limitations and if the administrator could waive it as to the personal assets he could not as to the real estate.—*Teague r. Corbett,* 57 Ala. 543. The fact that the administrator did not plead the statute of limitations does not prevent the heirs at law from asserting it when proceedings are instituted for an order to sell.—*Scott v. Ware,* 64 Ala. 174; *Teague v. Corbett, supra.* Chancery will not subject real estate until the personal property is exhausted.—*Bank v. Spears,* 103 Ala. 445. Letters of administration improvidently granted may be revoked either by the court granting or by the chancery

court.—*Owens v. Child*, 58 Ala. 113; *Koger v. Franklin*, 79 Ala. 505; *Watson v. Glover*, 77 Ala. 323. The probate court has no jurisdiction to sell lands of decedent to pay costs of administration.—*Bolen v. Hoven*, 39 So. Rep. 379. If deceased took Seeley Patterson to her home and raised her and she lived there as one of the family she was not entitled to any compensation.—21 A. & E. Ency. of Law, 1061.

STREET & ISBEL, for appellee.—Counsel discuss assignments of error but cite no authority.

ANDERSON, J.—The bill avers facts from which it can be concluded, and which averments are supported by the proof, that the judgment was obtained against the administrator, either by collusion with him, or, at least, from a failure on his part to use proper diligence to defend the suit; and, such being the case, a court of chancery will relieve the heirs, unless it was for a valid and subsisting claim. The evidence shows that the plaintiff to the judgment, Celia Patterson, was reared by the intestate and continued and lived with her until her death, and practically occupied the same relationship with the decedent, the latter years of her life, that she did for a number of years previous to her death. She performed certain services in and about the place and for the deceased, and in return received a maintenance and support at what was to all intents and purposes their common home. She was practically a part of the family of Mrs. Patterson, who stood in the relation of a parent, and the presumption is that no payment is expected for services rendered or support furnished by the one to the other. "This presumption is not, however, conclusive, and may be overcome by proof either of an express agreement to pay or of such facts and circumstances as show satisfactorily that both parties at the time expected payment to be made. Whenever, therefore, compensation is claimed in any case by either parent or child against the other for services rendered, or the like, the question whether the claim should be allowed must be determined from the particular circumstances of the case. There can be no

[Patterson, *et al.* v. Carter, *et al.*]

fixed rule governing all cases alike. In the absence of any direct proof of an express contract, the question which must be determined is whether it can be reasonably inferred that pecuniary compensation was in the view of the parties at the time when the services were rendered or the support was furnished; and the solution of this question depends upon a consideration of all the circumstances of the case."—21 Am. & Eng. Ency. Law, 1061. The only evidence to show that it was within the contemplation of the parties that Celia Patterson was to receive compensation for her services was her own testimony, which was clearly prohibited by section 1794 of the code of 1896, and which should have been excluded. With this evidence excluded there is none remaining to support her claim. There was some proof as to what Mrs. Patterson said she wished Celia to have after her death, but which, instead of evidencing a subsisting liability, tended to indicate that, as her attentions to her were gratuitous, she desired to make some provision for her after her death, and she did not recognize that Celia Patterson had a charge against her estate for services. Nor does it appear from the evidence that it was within the mind or contemplation of the parties that any relationship existed the last few years different from those under which they lived so many years previous.

The chancellor erred in refusing complainant relief, and the decree is here reversed, and one here entered annulling and vacating the judgment and revoking the letters of administration.

Reversed and rendered.

HARALSON, DOWDELL, and DENSON, JJ., concur.