# Buye *v.* Alabama Marble Quarries.

### Death Action.

(Decided April 5th, 1917.  75 South. 9.)

1. **Witnesses; Transactions with Persons Since Deceased; Stockholders.**—A stockholder in defendant employing corporation is pecuniarily interested in the result of the action by the administratrix of the estate of a deceased employee for his alleged wrongful death, and is not a competent witness as to any conversation between himself and the intestate.

2. **Witnesses; Conversations with Persons Since Deceased; "Transaction."**—A conversation between two persons is a "transaction" by each with the other within the meaning of Code, section 4007, whether the actual talking be done by both or by only one.

[Buye v. Alabama Marble Quarries.]

**3. Appeal and Error; Harmless Error; What Constitutes.**—Error in permitting a stockholder in the employing corporation to testify that he told deceased to keep away from a stack of slate slabs is not rendered harmless by the fact that two other witnesses had already testified that the witness had warned all the men, since there is a substantial difference between a general instruction and a specific personal order.

APPEAL from Talladega Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Estella Wilson Buye, as administratrix of the estate of Lonnie Wilson, deceased, against the Alabama Marble Quarries, a corporation. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The intestate was killed by several slabs of marble sliding on him from a stack of slabs, against which he was standing, the slide being caused by the impact of a mud box being hoisted on a cable. The chief and probably the decisive issue in the case was on defendant's plea of contributory negligence, which charged substantially that intestate knew of the danger of standing or being near or against said stack during said hoisting, and that with such knowledge he negligently placed himself in that position. Taylor Scott, a witness for defendant and its general manager, testified that he told intestate to stay away from this stack. On cross-examination it was made to appear that the witness was a stockholder in the defendant corporation, and thereupon plaintiff moved to exclude the statement of the witness to the intestate on the ground that he was disqualified under the statute (section 4007, Code 1907). This motion was overruled, and the witness was allowed against plaintiff's objection on the same ground to both questions and answers to testify that he had caught him around this pile of rock standing with his hands on it, and had gotten after him about it, and had told him not to go around it at all; that if anything should hit those blocks they would fall on him. Two other witnesses testified that Taylor Scott warned the men generally, including intestate, to keep away from the pile of marble, and the fact of that general warning was not in dispute. Plaintiff requested and was refused the general charge.

RIDDLE & RIDDLE for appellant. KNOX, ACKER, DIXON & STEWART for appellee.

SOMERVILLE, J.—(1, 2) The witness Scott, being a stockholder of the defendant corporation, was pecuniarily interested

in the result of the suit, and was not a competent witness as to any conversation between himself and the intestate.—*M. & W. Plank Road Co. v. Webb*, 27 Ala. 618; *Wynn, Adm'r, v. Tallapoosa County Bank*, 168 Ala. 469, 504, 53 South. 228. A conversation between two persons is a transaction by each with the other, within the meaning of the statute (Code, § 4007), whether the actual talking be done by both or only by one.

(3) We think it is clear that Scott was improperly allowed to testify to the statements he made to the intestate. It is insisted, however, for defendant that, inasmuch as two other witnesses had already testified to the undisputed fact that Scott warned all the men, including the intestate, to keep away from the pile of blocks, Scott's testimony on this subject was only cumulative, and the error of its admission should not work a reversal of the judgment.

But there is a substantial difference between a mere general instruction to all the men to keep away from the pile and a specific personal instruction to the intestate to keep away, with the added warning "that, if anything should hit those blocks, it would fall on him."

On the vital issue of contributory negligence as made by the special pleas, the sharp personal warning to the intestate of the danger to him, if anything should strike the blocks, must have added very largely to the weight and effect of the merely general warning to all the men to keep away, and must have emphasized the culpability of the intestate in the estimation of the jury. To such a case as this we do not feel justified in the application of rule 45 (61 South. ix) to the avoidance of a reversal.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.