**LOWE v. REED.   (7 Div. 261.)**

(Supreme Court of Alabama.   April 6, 1922.)

**1. Trial ⬤═194(11) — Instruction without request held on the effect of testimony.**

Instruction in action for reasonable value of attorney's services, variously placed by the opinions of witnesses from $1,500 to $2,500, that, if finding be for plaintiff, "in no case could it be for less than $1,500," is "on the effect of the testimony," and so, not being requested by either party, violative of Code 1907, § 5362.

**2. Evidence ⬤═571(7) — Jury not bound by opinion evidence of value.**

Though there is opinion evidence of qualified attorneys that the reasonable value of legal services sued for was from $1,500 to $2,500, and no opinion evidence to the contrary, the jury may find a greater or less value; so that it is error to instruct that any finding for plaintiff could not be for less than $1,500.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

Action by Hugh Reed against H. W. Lowe. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Motley & Motley, of Gadsden, for appellant.

The instruction of the court to fine for not less than $1,500 if they found for the plaintiff is expressly forbidden by the statute. Section 5362, Code 1907; 3 Ala. App. 462, 57 South. 98; 116 Ala. 634, 22 South. 859; 9 Ala. App. 530, 63 South. 768; 185 Ala. 296, 64 South. 100. Counsel discuss other matters not discussed in the opinion.

Hood & Murphree, of Gadsden, for appellee.

The court was correct in charging the jury that it was bound by the evidence as to appellee's compensation. 178 Ala. 254, 59 South. 450; 6 C. J. 761; 202 Ala. 65, 79 South. 461; 111 Ala. 588, 20 South. 622; 79 Ala. 223.

SOMERVILLE, J. The action is for the recovery of the reasonable value of professional services rendered by plaintiff, an attorney, to defendant, in and about the execution of his duties as executor of two estates. Several practicing lawyers, of the requisite learning and experience, who heard the testimony as to nature and extent of the services rendered, testified that in their opinion the reasonable value of such services was from $1,500 to $2,500, and there was no opinion evidence to the contrary.

[1, 2] The trial judge in his oral charge instructed the jury that, if they found for

plaintiff, "in no case could it be for less than $1,500." This instruction was "upon the effect of the testimony," and, not being requested by one of the parties, it was in violation of section 5362 of the Code. But it would have been erroneous, even had it been duly requested by defendant.

While qualified attorneys are competent witnesses to show the reasonable value of legal services, and their opinions must be considered and given due weight by the jury, yet they are not conclusive of the issue, and are not binding on the jury, who may nevertheless find that the reasonable value of the services in question is greater or less than the value accorded by the opinion witnesses. Faulk v. Hubbie Co., 178 Ala. 254, 59 South. 450; Andrews v. Frierson, 144 Ala. 470, 476-477, 39 South. 512, citing Pollard v. A. F. L. M. Co., 139 Ala. 183, 35 South. 767; Tyson et al. v. Thompson, 195 Ala. 230, 70 South. 649; Citizens', etc., Co. v. Cent. Tr. Co., 200 Ala. 18, 75 South. 330.

The effect of the instruction in this case was to bind the jury by the opinion evidence before them, and therein was prejudicial error, which must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.