### ROGERS v. AUSTILL et al. (1 Div. 350.)

(Supreme Court of Alabama. May 14, 1925.)

Witnesses ⬪181—Sole owner of decedent's estate held to have waived rule prohibiting testimony with person since deceased.

Sole owner of estate left by decedent, by conceding that complainant was entitled to reformation of deed, waives rule established by Code 1923, § 7721, prohibiting testimony as to transaction with person since deceased.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill in equity by Joe Rogers against A. R. Austill and others. From a decree denying relief, complainant appeals. Reversed and remanded, with directions.

T. J. Bedsole, of Grove Hill, for appellant.

Evidence of complainant's transaction with H. Austill was competent, and admissible. Hendricks v. Kelly, 64 Ala. 388; Prestwood v. McGowan, 148 Ala. 475, 41 So. 779; Hunnicutt v. Higginbotham, 138 Ala. 473, 35 So. 469, 100 Am. St. Rep. 45; Pinckard v. Amer. Mort. Co., 143 Ala. 568, 39 So. 350; Hill v. Helton, 80 Ala. 528, 1 So. 340; Sayre v. Sheffield, 106 Ala. 440, 18 So. 101; Gamble v. Whitehead, 94 Ala. 335, 11 So. 293.

John S. Graham, of Jackson, for appellee Klepac.

The testimony of complainant as to a transaction with H. Austill, deceased, was incompetent. Code 1907, § 4007.

Jere Austill, of Mobile, for appellee Austill.

The decree should be reversed.

SAYRE, J. Complainant, appellant, filed this bill to reform a deed executed by the defendant Aurora R. Austill conveying to him the N. W. ¼ of S. E. ¼ of section 10, township 5 north, range 2 east, in Clarke County, whereas he had bargained and paid for N. E. ¼ of S. W. ¼ of said section. Complainant's contract for the purchase of the land was had with H. Austill, who had put him in possession, where he had remained for more than 10 years before the filing of this bill; the agreement being that a conveyance would be made upon the payment of all installments of the purchase money. After the death of H. Austill, defendant Aurora R., his widow and devisee of all his property, real and personal, undertook to execute a conveyance in pursuance of the obligation of the contract, but erroneously described the land as we have stated. Mrs. Austill confessed the bill, and made known her readiness to execute conveyance as the court might direct. She also suggests to this court that the decree dismissing the bill should be reversed to the end that appellant may have the relief to which, in her opinion, he is entitled. But H. Austill, after his contract with complainant, executed to the Jackson Naval Stores Company a deed of the land he had agreed to let complainant have. By inadvertence he had included this land in a conveyance of what was intended to be a conveyance of all lands he owned in Clarke county not previously disposed of. The Jackson Naval Stores Company was aware of complainant's possession and claim of ownership, nor had it ever claimed the land for itself. But by an inadvertence similar to that which had affected the conveyance to it the Naval Stores Company conveyed the land in question to Klepac, party defendant in this bill, who denies complainant's right to relief.

If the whole evidence and the agreements of counsel shown by the record are to be considered, it is clear enough that complainant should have relief as prayed. This the judge of the circuit, sitting as chancellor, conceded, but denied relief on the ground that consideration of the testimony of complainant as to the transaction between himself and H. Austill was necessary to relief, and that such testimony was incompetent because obnoxious to the rule of section 7721 of the Code, which provides that no person having a pecuniary interest in the result of a suit shall be allowed to testify against the party to whom his interest is opposed as to any transaction with the deceased person whose estate is interested in the result. Conceding, but not deciding, that this objection to the testimony in question would hold good if made by Mrs. Austill, our opinion is that Mrs. Austill's concession of complainant's right to relief has satisfied the reason of the rule of exclusion and so the rule itself. The rule is established for the protection of the estates of deceased persons. We think there can be no doubt that the sole owner of the estate left by a decedent is the only person interested in the rule, may waive it, and has waived it in the case at bar. Butler v. Jones,

80 Ala. 436, 2 So. 300; Hendricks v. Kelly, 64 Ala. 391.

It follows, in our judgment, that complainant was entitled to the relief sought, and that the cause should be remanded to the end that a decree to that effect may be rendered in the trial court.

Reversed and remanded, with directions.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.