(117 So. 653)

**RIDDLE et al. v. STREET.** (7 Div. 782.)

Supreme Court of Alabama. June 28, 1928.

D. Hardy Riddle, of Talladega, and Merrill & Field, of Anniston, for appellants.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

SAYRE, J. Action by appellants as surviving partners to recover compensation for services as lawyers rendered to appellee's intestate.

The court did well in charging out the count upon an account stated. Plaintiffs sought to establish an account composed of items of services rendered to deceased covering a period of ten years. There was no evidence going to show an assent or agreement between the parties to the account, express or to be implied, as to the correctness of any balance due. There was no account balanced and rendered with assent to the balance, express or implied. Loventhal 'v. Morris, 103 Ala. 332, 15 So. 672; Ware v. Manning, 86 Ala. 238, 5 So. 682. Numerous decisions of this court of the same purport might be cited. 1 C. J. pp. 678, 683, 685, where the cases, running back to Ware v. Dudley, 16 Ala. 742, may be found collated.

Nor was there evidence to show a running account between the parties. All the items of charge were on one side. Todd v. Todd, 15 Ala. 743. The fact that the account exhibited to the court and jury showed some payments by defendant's intestate did not make a running account, or account current. Wilson v. Calvert, 18 Ala. 274. The case was tried on an agreement between the parties to plead in short by consent and under this agreement appellee relied upon the statute of limitations of three years. Code, § 8947. In the indicated state of the pleading and proof the court committed no error in excluding the items of the account antedating the death of defendant's intestate by more than three years and eight months. Code, §§ 8968, 8969; Ware v. Manning, supra. There was no claim that plaintiffs' firm had, during the period thus indicated, performed services for defendant's intestate worth as much as the amount stated in charge 1 refused to plaintiffs. Hence, for this reason, if none other, that charge was properly refused.

Charge 2, refused to plaintiffs, was the general affirmative charge, with hypothesis, not specifying any amount of plaintiffs' recovery. Its refusal must be held for reversible error, if the evidence showed without dispute or adverse inference that plaintiffs were entitled to recover any amount of damages not merely nominal. There was evidence to sustain the last few items shown by the account introduced by plaintiff—evidence going to show services rendered to appellee's intestate within the time not excluded by the statute of limitation and their substantial value. Code, § 7701. Defendant appellee offered no evidence, nor was plaintiffs' evidence as to these services and their value brought into dispute. By this, however, we will not be understood as holding that the expert opinion testimony of lawyers, by which plaintiffs sought to establish the value of their services, was conclusive as to amount. That at least was a question for jury decision. Lowe v. Reed, 207 Ala. 278, 92 So. 467, and cases there cited. Still, under the evidence, if believed by the jury according to the hypothesis of the charge, a verdict for some amount not merely nominal should have been rendered; this we say upon consideration of the evidence as shown by the original transcript in the cause. Appellee contends that the book entries shown in the original transcript should not be considered on appeal for reasons now to be stated.

By the return to a writ of certiorari, which return must now be considered as evidencing a true and correct copy of the bill of exceptions (Anniston Mfg. Co. v. Southern Railway, 145 Ala. 351, 355, 40 So. 965), if the notations to be stated were insufficient to require the insertion of the statements of account referred to, the following facts appear:

Referring to the statement of account between plaintiffs' firm and defendant's intestate first offered in evidence by the plaintiffs, the last certified copy of the bill of exceptions contains the following direction:

"The clerk will set out in full the account against J. C. Street in favor of Riddle & Riddle, as shown by the ledger of Riddle & Riddle on pages 47, 179, 180, and 268, together with all words and figures in the order in which they appear on said pages of said ledger."

A second reference to the account is as follows:

"The clerk will set out the account in the ledger of Riddle & Riddle from the beginning of the J. C. Street account up to item dated March 17, 1927, being on page 180."

The next reference is in this language:

"The clerk will here set out the account as shown by the ledger of Riddle & Riddle on pages 147, 179, 180, and 268, together with all notations and captions on each and every page."

The last reference to the ledger is as follows:

"The clerk will here set out the account of J. C. Street in the ledger of Riddle & Riddle, together with all notations thereon and on pages 47, 179, 180, and 268 thereof."

A book of account, reference to which as the ledger of Riddle & Riddle must be justified, however irregularly kept, was in evidence. The entries show an account between Riddle & Riddle and J. C. Street, defendant's intestate, covering the period from 1916 to 1925. There was only one such book. We recognize and concur in the strict, but sound, rule heretofore declared by this court in the matter of incorporating in the transcript of the record on appeal evidence identified by reference in the general manner adopted by appellants in this case. Pearce v. Clements, 73 Ala. 256, 258; Jones v. White, 189 Ala. 622, 629, 66 So. 605. Other adjudications to the same effect might be cited. The method of

this case is objectionable as the frequent recurrence of motions to strike in this court sufficiently show. Nevertheless, in this case, the court thinks the clerk in preparing the transcript has followed the adequate directions of the bill of exceptions—directions which would have pointed with required certainty to the matter to be incorporated, had the task of making the transcript fallen upon a successor in office—and therefore looks to the original transcript showing the several statements of account offered in evidence by plaintiffs.

Other exceptions are stated, though hardly argued, in the brief for appellants. The rulings heretofore stated will serve to greatly reduce the scope of the difference between the parties so that most of these rulings will not recur upon another trial. We find no error in such of them as may recur.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.