42 So.2d 260

**ALFORD et al. v. DARNELL et al.**

**8 Div. 466.**

Supreme Court of Alabama.

Oct. 6, 1949.

H. H. Conway, Albertville, for appellants.

Marion F. Lusk, Guntersville, for appellees.

BROWN, Justice.

Appellees brought two separate suits in trover against the defendants (appellants)

566

for the alleged conversion of baled cotton. Ralph Johnson was the plaintiff in one of the suits and James Darnell and Ralph Johnson were the plaintiffs in the other. By consent of the parties said suits were consolidated and tried as one case, the trial resulting in separate verdicts for the plaintiffs in both suits. Upon these verdicts one judgment was entered and after motion for new trial was overruled, the defendants appealed.

The appellants insist that the court erred in overruling their objection made to the testimony of the plaintiff Ralph Johnson in respect to a transaction and conversation with defendants' agent Jack Seibold, who has since died, and hence the court also erred in overruling the defendants' motion for new trial.

The plaintiff's incompetency to testify, under the common law, to a transaction or conversation with a deceased person, who acted in a representative or fiduciary capacity at the time, was not removed by the statute unless he was called to testify by one to whom such interest is opposed. Code of 1940, Tit. 7, § 433. But when no objection is made to the competency of the witness or other specific objection assigned to the admissibility of the testimony, the objection operates as a waiver of all other objections. Alabama G. S. R. Co. v. Bailey, 112 Ala. 167, 20 So. 313; Warner et al. v. Warner et al., 248 Ala. 556, 28 So.2d 701; Rogers v. Austill, 213 Ala. 163, 104 So. 321.

The only objection made to the testimony of Johnson was that it "is not relevant". The circuit court will not be put in error for overruling this objection. The testimony of the witness Rolfe was not attended with any such infirmity and the objection to this testimony was overruled without error. The testimony offered tended to sustain the plaintiff's case.

The court did not err in refusing the affirmative charge.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.