133 So.2d 873

**Lola P. SHIRLEY, Adm'x,**

v.

**E. E. McNEAL et al.**

6 Div. 527.

Supreme Court of Alabama.

March 30, 1961.

Rehearing Denied Nov. 16, 1961.

J. Terry Huffstutler, Birmingham, for appellant.

John J. Smith and Geo. S. Brown, Birmingham, for appellees.

STAKELY, Justice.

Gordon M. Parson died intestate in Jefferson County, Alabama, on March 12, 1958. Letters of administration were issued to his sister Lola P. Shirley as administratrix of his estate (appellant). E. E. McNeal and Louise D. McNeal (appellees) filed a claim against the estate of Gordon M. Parson, deceased, for items which we shall later set forth.

The claim was contested by the administratrix before the probate court with the result that a judgment in the amount of $1,500 was rendered in favor of the claimants by the probate court. Thereupon an appeal was taken to the Circuit Court of Jefferson County, where the case was tried de novo (§ 216, Title 61, 1955 Cumulative Pocket Part, Code of 1940), with the result that a judgment was entered by the court for the aggregate amount of $2,041,-30.

We see no need to set out the evidence in detail. Suffice it to say that the claimants took the deceased in their home about fourteen years before his death when he was very sick from pneumonia and he lived with them until he died. None of his relatives came to see him while he was sick. The claimants took care of the deceased for fourteen years prior to his death, provided him with a home and rendered secretarial and other services to him, which he knowingly accepted. In return he promised to leave all his property to them at his death. This he attempted to do as is evidenced by the abortive will he executed before only one witness. We consider that the estate of the decedent was liable for the services and other items which make up the judgment entered by the court.

We quote from the decree of the court the following to show a breakdown of the claim as found by the court:

"A break down of the claim discloses: (1) Compensation for personal services provided and rendered to the

deceased for 14 years prior to his death, (2) Five items incurred subsequent to death totaling $151.30, (3) a Promissory note in the sum of $800.00, it being admitted on the trial that this claim was barred by the statute of limitations, (4) secretarial services rendered the deceased in connection with his employment for a number of years prior to his death, it being here admitted that only such services rendered in the three years immediately prior to his death were recoverable (if Claimants are entitled to recover), any services prior to that time being barred by the statute of limitations of three years."

According to the evidence the claimants were husband and wife and for many years the deceased, Gordon M. Parson, lived with them and their two children. They had a great affection for each other.

The five items incurred subsequent to the death of the deceased, aggregating $151.30 are as follows:

"Death notice ..........................$ 11.30
Payment on car owned by deceased ... 65.00
Cleaning bill of the deceased .......... 35.00
Trip to pick up the deceased's car and trailer ................................ 15.00
Long distance calls to notify various interested people and the University of Alabama of the death of deceased .... 25.00
Total ..............$151.30"

We quote from the final judgment of the court the following:

"After decedent's death the Claimants voluntarily incurred certain expenses in connection with payment of several obligations including a note due by the decedent. Total amount of these payments as previously indicated was $151.30. As to this group of expenditures the contestant maintains that they were voluntary payments and were not of such a nature as to be necessarily in connection with the funeral and burial expenses. While it is true that these items, if given a strict construction, were not a part of the funeral expenses, yet at the same time the decedent's estate and the members of his family all benefited by these payments, they were in fact payments made for the benefit of the estate, and in equity and good conscience, the estate should reimburse the Claimants for these payments.

"The many services rendered by the Claimants such as the preparation of meals, attending the dry cleaning and laundry and services such as normally would be rendered by one member of the family to another are not of such a nature as where it could be anticipated that compensation would be paid. The Court, therefore, expressly disallows any compensation for services of this character.

"However, the services rendered of a secretarial nature in connection with the deceased's employment and entailing many hours of work are such that in the opinion of the Court the acceptance of these services under these circumstances would reasonably indicate an expectation to pay the reasonable value of such services. This would be true only as to the last three years preceding intestate's death. The intention to pay is further strengthened by the invalid attempt to execute a will making Claimants his sole beneficiaries. The court finds that these services which were rendered mainly during nine months of each year would have a reasonable value of $70.00 per month and accordingly the claim is allowed for services of this nature on the basis of nine months for three years at $70.00 per month to total $1,890.00. To this should be added $151.30 for items already referred to and allowed making a total of $2,041.30. Any and all other claims for services are hereby disallowed.

"This claim is, therefore, allowed and judgment so rendered in favor of Claimants and against the estate in the

sum of $2,041.30. and costs, which costs are taxed against the administratrix and the sureties on the bond."

It is the settled law of this state that where one knowingly accepts services rendered by another and the benefit and result thereof, the law implies a promise on the part of the one accepting with knowledge the services rendered by another to pay the reasonable value of such services rendered. Nix v. Purnell, 267 Ala. 430, 103 So.2d 331; Richards v. Williams, 231 Ala. 450, 165 So. 820; Hood v. League, 102 Ala. 228, 14 So. 572; Irvin v. Strother, 163 Ala. 484, 50 So. 969.

This court has often said that the finding of the court who saw and heard the witnesses will not be disturbed unless plainly and palpably wrong. Casey v. Krump, 260 Ala. 280, 69 So.2d 864; Parrish v. Davis, 265 Ala. 522, 92 So.2d 897; Culpepper v. Davis, 267 Ala. 541, 103 So.2d 179.

After careful consideration it is our judgment that the decree of the lower court should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.