194 So.2d 514

**Mark NORTON, Executor**

v.

**James S. LIDDELL et al.**

**7 Div. 706.**

Supreme Court of Alabama.

Jan. 26, 1967.

Albert H. Nichols, Birmingham, and Starnes & Holladay, Pell City, for appellant.

Grover S. McLeod, Birmingham, and Frank B. Embry, Pell City, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment in the amount of $25,000 rendered pursuant to a jury trial involving the contest of a claim filed against the estate of C. C. Liddell, deceased.

C. C. Liddell died on 21 February 1963. On 25 February 1963, Mark Norton, the named executor of the purported will of C. C. Liddell, filed a petition for probate of the will which bore the date of 8 October 1962.

On 5 April 1963, James S. Liddell, one of the appellees here filed a contest of the will, alleging it was not the true will of C. C. Liddell, but to the contrary a purported will of C. C. Liddell executed in 1958 was his true last will.

On 22 April 1963, the Probate Court of St. Clair County appointed Joel N. Wood as special administrator ad colligendum of the estate of C. C. Liddell.

On 2 May 1963, Mark Norton petitioned the Probate Court to remove the administration of the estate to the Circuit Court of St. Clair County, and on that same day the Probate Court entered an order of transference. However, it appears that on the 7th day of June 1963, the contest of the will theretofore filed by James S. Liddell was dismissed and the Circuit Court transferred the administration of the estate back to the Probate Court.

On 12 June 1963, James S. Liddell and his wife, Clelland Liddell, filed a verified claim in the Probate Court for $25,200, "being the amount of $3,600 per annum for room, board, and care of Colin Campbell Liddell, deceased, during the years 1956, 1957, 1958, 1959, 1960, 1961, and 1962, which he contracted to pay and which has not been paid."

On 15 July 1963, proof was made of the will of C. C. Liddell dated 8 October 1962, and an order was entered admitting the same to probate. Mark Norton gave notice of the issuance of letters testamentary to him as executor of the estate of C. C. Liddell.

We note here that there is no proper showing in the record of any re-transfer

of this cause to the Circuit Court of St. Clair County.

However, on 29 October 1963, the appellees here filed in the *Circuit Court of St. Clair County, in Equity,* a petition requesting that their claim for $25,200 be set down for hearing and that the executor, Norton, be required within ten days to file a written denial of the claim, or in the alternative to admit the same. On that same date the chancellor entered an order that the "case be set down for trial at the next term of court for jury cases."

On 7 January 1964, the appellant-executor filed in the Circuit Court a motion to quash the claim in question on the grounds that it was not filed within six months after the grant of letters testamentary as provided by the statute of non claims, (Sec. 210, Tit. 61, Code of Alabama 1940); that the claim did not sufficiently set out facts or the substance of any contract, and that the claim was violative of the statute of frauds.

On 2 October 1964, the appellees filed a demurrer to the above motion to quash. On the morning of the trial, 15 October 1964, this demurrer was argued and the court announced that the motion to quash was denied. The appellees then filed an amendment to their original claim in which it was asserted that during the year 1956, C. C. Liddell entered into a contract with them whereby he agreed to leave his entire estate to them if they would care for him and give him room and board for the rest of his life; that as evidence of his intent Liddell made a will in 1958 leaving his entire estate to appellees; that the appellees did perform their part of the contract and cared for the deceased during the years 1956–1962, inclusive, and therefore the claimants claimed the sum of $25,200 for services rendered.

Thereafter the pleading was in short by consent, and the trial was entered upon. The jury returned a verdict in favor of the appellees and fixed their damages at $25,-000.

The appellant's motion for a new trial being overruled, an appeal was perfected to this court.

The question of first import to be decided is whether the Circuit Court, in Equity, had jurisdiction to hear and determine the suit. This point is raised by appellant's assignments of error 2 and 3. The basis of appellant's argument in support of these assignments is that there is no showing in the record that the cause was ever properly transferred from the Probate Court to the Circuit Court.

The question of jurisdiction was never raised in the proceedings below, not even in the motion for a new trial. It is raised for the first time on appeal.

 The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent. Rinehart, etc. v. Reliance Life Ins. Co. of Georgia, 272 Ala. 93, 128 So. 503. Absence of jurisdiction over the subject matter ends all inquiry, and the matter may be raised on appeal.

██ While Sec. 216, Tit. 61, Code of Alabama 1940, confers a partial concurrent jurisdiction on probate courts to determine the validity of a claim properly filed in the Probate Court, such section does not abrogate the jurisdiction of circuit courts to determine the validity of such claims, the circuit court's jurisdiction being conferred by Sec. 143 of the Constitution of Alabama 1901, and by Sec. 126, subd. 1, Tit. 13, Code of Alabama 1940. The Circuit Court therefore had jurisdiction of the subject matter of this suit. Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757.

The alleged lack of jurisdiction in the present case springs from failure of the record to show a proper transfer of the cause to the Circuit Court; that is a defect in precedent procedural steps rather than a

deficiency in jurisdiction over the subject matter.

As stated in the early case of Thompson v. Lea, 28 Ala. 453:

"The element in a case which cannot be supplied by consent is the jurisdiction over the subject matter; and the reason why that cannot be conferred by consent is, that it must be conferred by law. * * Whatever pertains merely to the bringing of the case under the operation of that jurisdiction may be waived."

In Anders Bros. et al. v. Latimer et al., 198 Ala. 573, 73 So. 925, it set forth that:

"The parties may, in the circuit court, waive the antecedent proceedings entirely, and submit themselves to the jurisdiction of the court."

■ We hold that the appellant waived the antecedent procedural steps for bringing the cause before the Circuit Court, which court otherwise had jurisdiction of the subject matter. Assignments of error 2 and 3 are without merit.

In the trial below the appellees' evidence was directed toward showing that in 1956, C. C. Liddell was in poor health and came to the home of the appellees, and that a verbal agreement was entered into between the appellees and C. C. Liddell that if they would take him into their home and care for him the rest of his life, then he (C. C. Liddell) would leave the appellees all his property; that C. C. Liddell did make a will to this effect in October 1958, and gave appellees a copy. Over appellant's objection this copy was received in evidence.

It is to be noted that the appellant interposed objections to questions propounded to James S. Liddell and Clelland Liddell on their direct examinations which sought to elicit testimony as to the contract or agreement between them and the deceased as to their caring for him and he leaving them his property. These objections were overruled.

Appellant's assignments of error 1 and 15 assert these rulings as error.

In brief counsel for appellant argue that the testimony in question was violative of Sec. 433, Tit. 7, Code of Alabama 1940 (our so-called Dead Man's Statute) which provides in pertinent parts that in civil suits " * * * No person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, * * *"

■ We do not think it arguable but that the appellees had a pecuniary interest in the result of this suit opposed to that of Norton, the executor of C. C. Liddell, and that the oral contract testified to by appellees over appellant's objection was a transaction with the deceased. Prima facie, the ruling by the lower court in the premises was erroneous. Brooks v. Brooks, 263 Ala. 117, 81 So.2d 596; Buye v. Alabama Marble Quarries, 199 Ala. 589, 75 So. 9; Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Hullett v. Hood, 109 Ala. 345, 19 So. 419; Duggar v. Pitts, 145 Ala. 358, 39 So. 905; Patterson v. Carter, 147 Ala. 522, 41 So. 133.

Appellees would rebut the prima facie error of the rulings now being considered on the basis that only general objections were interposed to the questions. The doctrine of Alford et al. v. Darnell, 252 Ala. 565, 42 So.2d 260, and authorities cited therein, is to the effect that the incompetency of a witness to testify to transactions with a deceased, as prohibited by Sec. 433, supra, may be waived, unless such incompetency is made a ground of the objection to questions seeking such testimony, and a general objection is insufficient in the premises.

■ However, the record shows that near the beginning of the testimony of

James S. Liddell, the court informed counsel that grounds in support of objections need not be stated unless called for by the court. Under these conditions and rules as laid down by the trial court, we conclude that appellant should have the specific objection he now argues even though only a general objection was interposed.

■ Ground No. 2 of appellant's motion for a new trial asserts that the verdict of the jury is contrary to both the law and the evidence, and is not sustained by the great preponderance of the evidence. When the ground of the motion is the insufficiency of the evidence to support the verdict, or is contrary to the evidence, a general assignment is sufficient to review the evidence in this aspect. Cobb v. Malone, 92 Ala. 630, 9 So. 738. As before stated, assignment of error No. 1 asserts as error the overruling of appellant's motion for a new trial,

Related to the above assignment is appellant's assignment of error No. 4, which asserts as error the action of the court in sustaining appellees' demurrer to a "motion to quash" the petition for a hearing on the claim filed by appellees. Among the grounds asserted in support of the motion to quash is that the claim was barred by the statute of limitations of three years.

■ While the ground as asserted may well be deficient in failing to assert that claim was based on an open account, yet in proceedings as the present formal pleadings are not contemplated or practical. Gayle's Adm'r v. Johnston, 72 Ala. 254. It must also be remembered that the pleading was in short by consent, etc. A proper plea of the statute of limitations is therefore presumed.

■ The gravamen of appellees' action is damages for the value of services rendered under a contract implied by law, the terms of which were not fixed by the parties. It was therefore an open account.

Gayle's Adm'r v. Johnston, supra; Hood, Adm'r v. League, 102 Ala. 228, 14 So. 572; Hays Cooperage Co. v. Louisville etc. R. Co., 18 Ala.App. 18, 88 So. 357.

It appears to be the doctrine of our cases that in open account claims for services rendered a deceased, compensation can be recovered only for those services rendered within three years before the beginning of the action, excluding the six months in which no suit can be brought against the administrator. Sec. 119, Tit. 61, Code of Alabama 1940; Hood, Adm'r v. League, supra; Riddle v. Street, 218 Ala. 97, 117 So. 653. See also, Shirley v. McNeal, 272 Ala. 696, 133 So.2d 873.

The appellees' original claim was for $25,200, "being at the rate of $3,600 per annum * * * during the years" 1956–1962 inclusive. The appellees established the amount due by testimony tending to show that the value of their services was $300.00 per month, or $3,600 per annum. Such pleading and proof showed that the account was an open one, due at least in yearly installments.

■ The jury returned a verdict for $25,000. Of necessity, a substantial portion of these damages was for services prior to the three years allowed under the statute of limitations of three years. To this extent the damages were excessive, and unsupported by the evidence in view of the plea of the statute of limitations of three years injected under the plea of in short by consent, etc. Assignments 1 and 4 are therefore meritorious.

Numerous other points are presented by counsel for appellant as alleged errors. Some are not in form to invite our review. The others are not likely to arise in another trial. We therefore pretermit a consideration of them in the interest of brevity.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.