Diane Thornton appeals from an order of the Elmore Circuit Court, protesting her termination from employment as a bus driver for the Elmore County school system. We dismiss the appeal.
This case has been before this court previously. The background of the case is discussed in Elmore County Board of Education v.Thornton, 839 So.2d 658 (Ala.Civ.App. 2002). However, in order to understand the disposition of the current appeal, it is helpful to recount some of the facts and the procedural history of this case.
Thornton was employed as a full-time bus driver by the Elmore County Board of Education ("the Board") for each school year from 1995 through 1998. The Board terminated her employment without a hearing on September 21, 1998, effective October 14, 1998. Thornton filed a complaint in the Elmore Circuit Court against the Board in April 1999, claiming, among other things, that her dismissal had been improper under the Fair Dismissal Act, §§36-26-100 through -108, Ala. Code 1975 ("the Act"). The trial court on August 28, 2000, granted Thornton's summary-judgment motion as to her claim alleging improper dismissal under the Act. In response to a motion filed by Thornton, the trial court amended its judgment on October 17, 2000, to order the Board to reinstate *Page 857 
Thornton as an employee and to order that she be awarded back pay. The Board appealed that judgment to this court.
While the appeal was pending, in order to limit the amount of back pay that Thornton would be entitled to if she prevailed on appeal, the Board decided on January 23, 2001, to reinstate Thornton as an employee in accordance with the trial court's amended order and to initiate proper termination proceedings against her under the Act. Thornton was given notice of her reinstatement and the commencement of termination proceedings, and she was provided a pretermination hearing in which she was permitted to present evidence on February 15, 2001. That day, following the hearing, the Board voted to terminate Thornton's employment. In accordance with the Act's procedures, Thornton filed an administrative appeal of the Board's decision. On April 5, 2001, the Fair Dismissal Act review board voted to uphold the Board's termination decision.
On June 28, 2002, this court issued its opinion affirming the trial court's August 28, 2000, order as amended, finding that Thornton should have been considered a nonprobationary employee under § 36-26-101(a) and that she was therefore entitled to the protections afforded to such employees by the Act during termination proceedings. On August 19, 2002, Thornton filed a motion styled as a "Motion to Compel Enforcement of [the amended August 28, 2000,] Court Order." On August 20, 2002, Thornton filed a "Motion for Emergency Hearing Regarding Reinstatement." The trial court granted the latter motion and set a hearing for September 10, 2002. On September 10, following the hearing, the trial court entered a bench note on the case action summary sheet stating:
 "Case called for hearing. [Defendant] Elmore County Board of Education is found to have fully complied with all previous orders of this Court. Case is disposed of."
Following this ruling, the parties filed in the trial court a joint motion regarding the manner in which back pay should be awarded to Thornton. The parties agree on the amount of back pay owed to Thornton, but they disagree as to whether such pay should be distributed to Thornton in a lump sum or as salary.
Thornton appeals from the September 10, 2002, order, arguing that after the Board's first termination of her employment that did not comply with the Act the Board was estopped from reinstituting termination proceedings on the same ground under the Act after the trial court had ordered the Board to reinstate Thornton. However, before we address this issue, it is incumbent upon this court to ensure that it has jurisdiction to entertain this appeal. "The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act."Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517
(1967). "The question whether a decree is final, so as to support an appeal therefrom, is a jurisdictional one and it is the duty of the court, where it is determined that a decree is not final, to dismiss the appeal on its own motion." Taylor v. Major Fin.Co., 289 Ala. 458, 461, 268 So.2d 738, 741 (1972).
Thornton contends that the September 10, 2002, bench note was a final judgment that disposed of all of the substantive issues between the parties. The Board contends that the bench note was merely a comment by the trial court on its amended August 28, 2000, judgment and that it is not itself a final judgment that would support an appeal. The Board contends that in order to challenge the Board's second termination of her employment Thornton *Page 858 
must file a separate complaint in the circuit court. Both parties agree that the matter concerning how Thornton is to receive her back pay is incidental to any final judgment and that pending proceedings on that issue do not affect whether the order appealed from in this instance is a final judgment.
"An appeal ordinarily lies only from a final judgment. §12-22-2, Ala. Code 1975. A judgment is final if it disposes ofall claims or the rights or liabilities of all parties. Rule 54, Ala. R. Civ. P.; Ex parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987)." M.S.H. v. C.A.H., 829 So.2d 164, 168
(Ala.Civ.App. 2002). The threshold question before this court is whether the trial court's September 10, 2002, bench note constituted a final judgment such that this court may entertain an appeal on the issue of whether the Board is estopped from initiating termination proceedings against an employee under the Fair Dismissal Act on the ground of misconduct because it previously attempted to terminate the employee on the same ground without complying with the Act. In other words, the court must determine whether the trial court fully adjudicated the above issue before Thornton appealed.
The bench note states that the case was "called for a hearing" and that the trial court "found [the Board] to have fully complied with all [of the trial court's] previous orders." As a consequence of this finding, the trial court concluded that the "[c]ase is disposed of."
 "Courts are to construe judgments as they construe written contracts, applying the same rules of construction they apply to written contracts. Whether a judgment is ambiguous is a question of law to be determined by the court. If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and their `legal effect must be declared in the light of the literal meaning of the language used' in the judgment."
State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala. 2000) (quoting Wise v. Watson, 286 Ala. 22, 27, 236 So.2d 681, 686
(1970)) (citations omitted). The literal meaning of the trial court's bench note is that it determined that the Board had fully complied with the court's August 28 and October 17, 2000, orders regarding Thornton's employment. Those orders determined that the Board must follow the termination procedures set forth in the Act and that, because the Board had failed to follow the Act in terminating Thornton's employment, the Board must reinstate Thornton as a nonprobationary employee and give her back pay for the period during which her employment had been improperly terminated.
It may reasonably be inferred that the trial court determined on September 10, 2002, that the Board had complied with those orders through the actions it had taken in January and February 2001 when it reinstated Thornton and agreed to give Thornton back pay. Having ascertained that the Board had complied with its previous orders, the trial court ruled that the case was disposed of. On its face, then, the trial court's September 10, 2002, bench note is a comment on the fulfillment of its August 28, 2000, judgment, as amended on October 17, 2000. There is no question that a trial court is empowered to interpret, clarify, and ensure compliance with its judgments.
 "A trial court has inherent authority to interpret, clarify, and enforce its own final judgments. See Helms v. Helms' Kennels, Inc., 646 So.2d 1343, 1347
(Ala. 1994) (`a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment'); Gild v. Holmes, *Page 859 680 So.2d 326, 329 (Ala.Civ.App. 1996) (`A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments.'). Thus, even after this Court, on the direct appeal, affirm[s] the trial court's . . . judgment, [the trial] court retain[s] jurisdiction to interpret and clarify that judgment."
State Pers. Bd. v. Akers, 797 So.2d at 424. Thus, even after this court had affirmed the trial court's August 28, 2000, judgment, as amended on October 17, 2000, the trial court had jurisdiction to interpret and acknowledge compliance with that judgment and to "dispose of" the case accordingly, which it did in its September 10, 2002, bench note.
Notably, what the trial court did not do in its bench note was make any comment or ruling on the issue of whether the Board was estopped from initiating the second termination proceedings on the same ground on which it had based its first termination of Thornton's employment. The trial court's September 10, 2002, bench note addressed the Board's compliance with the August 28, 2000, and October 17, 2000, orders; it did not address, either explicitly or implicitly, the issue of estoppel with regard to the Board's second termination of Thornton's employment.
Therefore, because the issue of estoppel — the issue before this court in this appeal — was not addressed by the trial court, this court has no jurisdiction to entertain the appeal. Furthermore, we find that the trial court had no jurisdiction to consider the estoppel issue even if it had been addressed in the bench note. This is so because Thornton's complaint in this case alleged that the Board had violated the Fair Dismissal Act by the manner in which it had initially terminated her employment. The trial court determined that Thornton was correct and ordered that Thornton be reinstated as an employee with back pay. This court affirmed that judgment. The trial court then determined after a hearing that its orders had been complied with — meaning that Thornton had been reinstated as an employee and back pay was forthcoming — and it found that, accordingly, the case was disposed of because no other issues remained to be decided on the original complaint. The fact that the second termination occurred while the issue of compliance with the Act was pending on appeal does not mean that claims concerning the second termination could be brought before the trial court in the same case after a final judgment had been entered. The trial court properly determined that the case before it had been disposed of; therefore, the trial court could not rule on subsequent issues arising from the second termination. In order for Thornton to challenge her second termination, she must bring a separate action.
Based on the foregoing, the appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.